BORIS FELDMAN, State Bar No. 128838
BENJAMIN M. CROSSON, State Bar No. 247560
CHERYL W. FOUNG, State Bar No. 108868
CHARLES A. TALPAS, State Bar No. 308505
CURTIS S. KOWALK, State Bar No. 324770
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100
Email: boris.feldman@wsgr.com
        bcrosson@wsgr.com
        cfoung@wsgr.com
        ctalpas@wsgr.com
        ckowalk@wsgr.com

Attorneys for Defendants
NetApp, Inc., George Kurian, Ronald J. Pasek,
and Matthew K. Fawcett

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| CHAD C. SMITH, Individually and on Behalf of All Other Similarly Situated,<br><br>                    Plaintiff,<br><br>          v.<br><br>NETAPP, INC., GEORGE KURIAN, RONALD J. PASEK and MATTHEW K. FAWCETT,<br><br>                    Defendants. | CASE NO.:  4:19-cv-04801-JST<br><br>**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT**<br><br>Date: June 24, 2020<br>Time: 2:00 p.m.<br>Courtroom: 6<br>Hon. Jon S. Tigar |

Defendants NetApp, Inc. ("NetApp" or the "Company"), George Kurian, Ronald J. Pasek, and Matthew K. Fawcett ("Defendants") hereby request that the Court consider certain documents incorporated by reference in Plaintiff's Amended Class Action Complaint for Violation of The Federal Securities Laws ("Complaint") and judicially notice certain documents submitted in support of Defendants' Motion to Dismiss Amended Class Action Complaint for Violation of The Federal Securities Laws ("Motion to Dismiss"). True and correct copies of the documents described herein are attached as exhibits to the accompanying Declaration of Cheryl W. Foung ("Foung Decl.").

## ARGUMENT

The Supreme Court has acknowledged that in connection with a motion to dismiss a securities class action complaint:

> [C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).[1]  For the Court's consideration, Defendants submit certain documents incorporated by reference into the Complaint and documents properly subject to judicial notice.  Consideration of both types of documents is appropriate at the motion to dismiss stage.

I.  **THE COURT SHOULD CONSIDER THE FULL TEXT OF DOCUMENTS INCORPORATED BY REFERENCE INTO THE COMPLAINT.**

Defendants request that the Court consider documents that the Complaint quotes and relies on and thereby incorporates by reference.  On a motion to dismiss, the Court is permitted to consider a document "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th

---

[1] *See In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1051, 1065 (9th Cir. 2014) (affirming dismissal and reviewing documents incorporated by reference and matters properly subject to judicial notice).

DEFS. RJN ISO MTD
AM. CLASS ACTION COMP.
CASE NO. 4:19-CV-04801-JST

1

Cir. 2018), *cert. denied*, 139 S. Ct. 2615 (2019) (quoting *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003)).[2]  Since *Orexigen*, this Court has reiterated that under the incorporation by reference doctrine, courts "may consider extrinsic evidence not attached to the complaint if the document's authenticity is not contested and the plaintiff's complaint necessarily relies on it." *Sarmiento v. Sealy, Inc.*, 367 F. Supp. 3d 1131, 1143 (N.D. Cal. 2019) (citation omitted); *Hong*, 2018 WL 6331012, at *2 (similar).[3]  Documents incorporated by reference are treated "as though they are part of the complaint itself." *Orexigen*, 899 F.3d at 1002; *see McGovney v. Aerohive Networks, Inc.*, 367 F. Supp. 3d 1038, 1050-51 (N.D. Cal. 2019); *Park v. GoPro, Inc.*, No. 18-cv-00193-EMC, 2019 WL 1231175, at *6 (N.D. Cal. Mar. 15, 2019) (reviewing SEC filings, press releases, conference call transcripts, Forms 4).[4]

The Court may consider the full text of such documents, even where the complaint only quotes or relies upon selected portions. *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 n.4 (9th Cir. 1996).  A district court's consideration of the full text of documents "including portions which were not mentioned in the complaint[] . . . is appropriate in the context of a motion to dismiss[.]" *Id*.  The purpose is to prevent plaintiffs from "selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Orexigen*, 899 F.3d at 1002; *GoPro*, 2019 WL 1231175, at *6; *Hong*, 2018 WL 6331012, at *3.[5]  When a document is incorporated, the Court "may assume that its

---

[2] This Court has recognized that a "court may look beyond the pleadings without converting the Rule 12(b)(6) motion into one for summary judgment." *Hong v. AXA Equitable Life Ins. Co.*, No. 18-cv-04039-JST, 2018 WL 6331012, at *2 (N.D. Cal. Dec. 4, 2018) (citation omitted).

[3] *See In re SunPower Corp. Sec. Litig.*, No. 16-cv-04710-RS, 2018 WL 4904904, at *3 n.2 (N.D. Cal. Oct. 9, 2018) (following *Orexigen*, documents referenced in the complaint itself "explicitly as the ground for [defendant's] false statements and scienter...are appropriately incorporated by reference").

[4] *See In re SolarCity Corp. Sec. Litig.*, 274 F. Supp. 3d 972, 987-88 (N.D. Cal. 2017) (quarterly shareholder letter, transcripts from earnings calls, slide decks, Forms 4, and proxy are referenced or necessarily relied on and are incorporated by reference).

[5] *See Colyer v. Acelrx Pharm., Inc.*, No. 14-CV-04416-LHK, 2015 WL 7566809, at *3 (N.D. Cal. Nov. 25, 2015) ("Plaintiffs cannot selectively quote from one part of a publicly-available transcript and then object to Defendants' decision to provide the Court with the complete

contents are true for purposes of a motion to dismiss[.]" *Hong*, 2018 WL 6331012, at *2 (citation omitted).  The Court may not do so where "assumptions only serve to dispute facts stated in a well-pleaded complaint." *Id*. (citation omitted).

Notably, the Court "need not accept as true [Plaintiffs'] allegations...that are contradicted by" incorporated materials. *Philco Invs., Ltd. v. Martin*, No. C 10-02785 CRB, 2011 WL 4595247, at *7 n.9 (N.D. Cal. Oct. 4, 2011) (citation omitted).  Where facts and inferences drawn from such materials conflict with plaintiff's allegations, the court may consider this discrepancy in evaluating the complaint.  *See, e.g.*, *Paddock v. DreamWorks Animation SKG, Inc.*, No. CV 14-06053 SJO (Ex), 2015 WL 12711653, at *5 n.4 (C.D. Cal. Apr. 1, 2015) (dismissing securities class action suit; that plaintiffs misconstrued allegedly false statements was "evident after an examination of the full statements made"), *aff'd sub nom. Roofers Local No. 149 Pension Fund v. DreamWorks Animation SKG, Inc.*, 677 F. App'x 376 (9th Cir. 2017).

Defendants request incorporation by reference of the following documents, which the Complaint cites or necessarily relies on and which form the basis of Plaintiff's claims.

1.      Exhibit 1:  Excerpts from NetApp's Earnings Call Transcript on February 13, 2019, cited in the Complaint at ¶¶ 11, 25, 27, 30.

2.      Exhibit 2:  Excerpts from NetApp's Form 10-Q filed with the Securities & Exchange Commission ("SEC") on February 19, 2019, cited in the Complaint at ¶ 11.

3.      Exhibit 3:  Excerpts from NetApp's Form 8-K filed with the SEC on May 22, 2019, cited in the Complaint at ¶¶ 32, 34, 38.

4.      Exhibit 4:  Excerpts from NetApp's Earnings Call Transcript on May 22, 2019, cited in the Complaint at ¶¶ 11, 21, 24, 25, 26, 28, 31, 33, 35-37.

5.      Exhibit 5:  Excerpts from NetApp's Form 10-K for fiscal year ending April 26, 2019, filed with the SEC on June 18, 2019, cited in the Complaint at ¶¶ 3, 10, 22, 23, 40, 44, 45.

---

transcript."); *Aerohive*, 367 F. Supp. 3d at 1051 (complaint incorporates contents of quarterly earnings calls, quarterly SEC report).

6.      Exhibit 6:  Excerpts from NetApp's Earnings Call Transcript on August 1, 2019, and cited in the Complaint at ¶¶ 11, 25, 63-65.

7.      Exhibit 7:  Excerpts from Transcript of NetApp's Earnings Call Transcript on August 14, 2019,[6] cited in the Complaint at ¶¶ 11, 25, 29.

8.      Exhibit 8:  Excerpts from NetApp's Form 8-K filed with the SEC on August 14, 2019, cited in the Complaint at ¶ 13.

## II.      THE COURT SHOULD TAKE JUDICIAL NOTICE OF NETAPP'S SEC FILINGS AND STOCK PRICE MOVEMENT.

Defendants also request that the Court take judicial notice of the documents set forth below pursuant to Federal Rule of Evidence 201.  Courts must take judicial notice of information "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b); *see Orexigen,* 899 F.3d at 999.  *See also* Fed. R. Evid. 201(c)(2) ("[t]he court . . . must take judicial notice if a party requests it and the court is supplied with the necessary information.").  The Court may consider such facts "at any stage of the proceeding" (Fed. R. Evid. 201(d)), "even if they are not referenced in the pleading, so long as they meet the requirements for judicial notice set forth in Federal Rule of Evidence 201."  *Cement Masons & Plasterers Joint Pension Tr. v. Equinix, Inc.*, No. 11-01016 SC, 2012 WL 685344, at *8 n.5 (N.D. Cal. Mar. 2, 2012).

Courts take judicial notice of SEC filings in the context of motions to dismiss.  *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008); *In re Intel Corp. Sec. Litig.*, No. 18-cv-00507-YGR, 2019 WL 1427660, at *7 (N.D. Cal. Mar. 29, 2019) (following *Orexigen*; "SEC filings are routinely subject to judicial notice").[7]  This includes SEC

---

[6] The Complaint mistakenly identifies the date of the Earnings Call as August 15, 2019.

[7] *See Wochos v. Tesla, Inc.*, No. 17-cv-05828-CRB, 2018 WL 4076437, at *2 (N.D. Cal. Aug. 27, 2018) (following *Orexigen*, court took judicial notice of SEC filings: "Given that Tesla publicly filed these [SEC forms] their accuracy cannot reasonably be questioned, and they are therefore appropriate subjects of judicial notice"; SEC filings and earnings call transcript "constitute the subject matter of the claim" and although not specifically incorporated by the complaint, they may be evaluated "for the sole purpose of determining what representations

forms reporting stock transactions. *See GoPro*, 2019 WL 1231175, at *6-7 (taking judicial notice of Forms 4 which show defendants had nondiscretionary 10b5-1 plans where plaintiffs allege suspicious stock sales); *SolarCity*, 274 F. Supp. 3d at 988 (taking notice of SEC filings over plaintiffs' objections; "courts in this district have taken judicial notice of SEC Form 4 and proxy statements, even when those documents were not referenced in the pleadings") (citing cases).

Additionally, courts routinely take judicial notice of a company's stock price history. *Metzler*, 540 F.3d at 1064 n.7; *see Kim v. Advanced Micro Devices, Inc.*, No. 5:18-cv-00321-EJD, 2019 WL 2232545, at *5 (N.D. Cal. May 23, 2019) (taking judicial notice of historic stock prices).

Defendants request that the Court take judicial notice of the following:

Exhibit 9:  Excerpts from NetApp's Form 10-K for fiscal year ending April 27, 2018, 2018, filed with the SEC on June 19, 2018.  This exhibit is submitted to show that NetApp made numerous disclosures of the precise risks that Plaintiffs allege went undisclosed.[8]

Exhibit 10:  Form 4 for George Kurian, filed with the SEC on May 20, 2019.  This exhibit is submitted to show that Mr. Kurian's stock transactions are not consistent with any inference of scienter.

Exhibit 11:  Form 4 for George Kurian, filed with the SEC on June 4, 2019.  This exhibit is submitted to show that Mr. Kurian's stock transactions are not consistent with any inference of scienter.

---

[defendant] made"; court is "not taking notice of the truth of any of the facts asserted") (citing *Orexigen*, 899 F.3d at 999-1000).

[8] *See Wozniak v. Align Tech., Inc.*, No. C-09-3671-MMC, 2011 WL 2269418, at *11 (N.D. Cal. June 8, 2011) (disclosures made "prior to the Class Period and reiterated during it[] revealed the very backlog, understaffing, and customer complaints plaintiff alleges were omitted"; holding complaint "fails to state a cause of action for securities fraud based on a theory of omission").

Exhibit 12:  Form 4 for Ronald J. Pasek, filed with the SEC on June 4, 2019 and necessarily relied on in the Complaint at ¶ 69.  This exhibit is submitted to show that Mr. Pasek's stock transactions are not consistent with any inference of scienter.

Exhibit 13:  Form 4 for Matthew K. Fawcett, filed with the SEC on June 4, 2019 and necessarily relied on in the Complaint at ¶ 70.  This exhibit is submitted to show that Mr. Fawcett's stock transactions are not consistent with any inference of scienter.

Exhibit 14:  NetApp's closing stock prices obtained from Yahoo! Finance for the period May 22, 2019 through January 24, 2020.  This exhibit is submitted to show NetApp's stock price during and since the Class Period.

For the foregoing reasons, Defendants respectfully request that the Court consider and notice the above-referenced documents in connection with their Motion to Dismiss.

Dated: March 26, 2020

**WILSON SONSINI GOODRICH & ROSATI**
Professional Corporation

By: /s/ Boris Feldman
Boris Feldman

*Attorneys for Defendants*