KEITH E. EGGLETON, State Bar No. 159842
BENJAMIN M. CROSSON, State Bar No. 247560
CHERYL W. FOUNG, State Bar No. 108868
CHARLES A. TALPAS, State Bar No. 308505
CURTIS S. KOWALK, State Bar No. 324770
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone:  (650) 493-9300
Facsimile:   (650) 565-5100
Email: keggleton@wsgr.com
        bcrosson@wsgr.com
        cfoung@wsgr.com
        ctalpas@wsgr.com
        ckowalk@wsgr.com

Attorneys for Defendants
NetApp, Inc., George Kurian, Ronald J. Pasek,
and Matthew K. Fawcett

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| CHAD C. SMITH,<br>Individually and on Behalf of All Other<br>Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>NETAPP, INC., GEORGE KURIAN,<br>RONALD J. PASEK and MATTHEW K.<br>FAWCETT,<br><br>Defendants. | CASE NO.:  4:19-cv-04801-JST<br><br>**DEFENDANTS' REPLY RE:<br>REQUEST FOR JUDICIAL NOTICE<br>IN SUPPORT OF DEFENDANTS'<br>MOTION TO DISMISS AMENDED<br>CLASS ACTION COMPLAINT**<br><br>Date: August 5, 2020<br>Time: 2:00 p.m.<br>Courtroom: 6<br>Hon. Jon S. Tigar |

DEFS. REPLY RE: REQUEST FOR JUDICIAL NOTICE
ISO MTD AM. CLASS ACTION COMP.
CASE NO. 4:19-cv-04801-JST

Plaintiff has not filed an opposition to Defendants' Request for Judicial Notice ("RJN"). Instead, Plaintiff sets forth his various objections in his Memorandum of Law in Opposition to Defendants' Motion to Dismiss ("Opp." at 6-9.) Those objections are without merit. Indeed, Plaintiff's failure to file an opposition is telling.

First and foremost, the RJN made clear why Defendants' exhibits may be—indeed, need be—properly considered by this Court in connection with the Motion to Dismiss. Contrary to Plaintiff's suggestion, Defendants did not run afoul of guiding precedent, *Orexigen*: Defendants' Request for Judicial Notice specifically addressed *Orexigen* and subsequent jurisprudence— including from this Court. *See* Defs. RJN at 1-3 (discussing *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018), *cert. denied*, 139 S. Ct. 2615 (2019)). In particular, the RJN (at 3-4) identified the documents that Plaintiff cited in the Complaint and necessarily relied on. Such documents are properly considered on a motion to dismiss and are treated "as though they are part of the complaint itself." *Orexigen*, 899 F.3d at 1002; RJN at 2.[1] In addition, documents such as SEC filings may be judicially noticed. RJN at 4-5. In fact, Plaintiff necessarily relied on the Forms 4 for the stock trading allegations and can hardly complain that they be considered.

Plaintiff's remaining objections in his Opposition are not well-founded. Plaintiff argues that Defendants' exhibits "distract" the Court from the issues before it by "bury[ing] the Complaint's allegations." Opp. at 6. Not so. Defendants submitted 14 exhibits, largely comprised of the documents *Plaintiff himself cited or necessarily relied upon* for his complaint.[2]

---

[1] As this Court held, "[w]hen a court finds that a document has been incorporated, it 'may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)'" but not "'if such assumptions only serve to dispute facts stated in a well-pleaded complaint.'" *Hong v. AXA Equitable Life Ins. Co.*, No. 18-cv-04039-JST, 2018 WL 6331012, at *2 (N.D. Cal. Dec. 4, 2018) (quoting *Orexigen*, 899 F.3d at 1002).

Even where a document is cited but not extensively, it may be considered "for the purpose of showing that particular information was available to the stock market." *In re Intel Corp. Sec. Litig.*, No. 18-cv-00507-YGR, 2019 WL 1427660, at *6 & n.9 (N.D. Cal. Mar. 29, 2019), (citation omitted).

[2] Four of the exhibits are only two pages long, excluding the title (Exs. 10, 11, 12, 13) and another exhibit, which identified NetApp's closing stock prices, is four pages long. Ex. 14. The

DEFS. REPLY RE: REQUEST FOR JUDICIAL NOTICE
ISO MTD AM. CLASS ACTION COMP.
CASE NO. 4:19-CV-04801-JST

1

Courts routinely take judicial notice of such documents in consideration of a motion to dismiss precisely so they *can adequately consider* the issues raised by a complaint. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (Courts ruling on motions to dismiss "*must* consider … documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.") (emphasis added).

Contrary to Plaintiff's arguments, the exhibits reflecting Defendants' disclosures before and during the Class Period are not submitted "for the truth of [their] content, but to 'indicate what was in the public realm at the time.'" *Intel*, 2019 WL 1427660, at *6 (quoting *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010); *Heliotrope Gen., Inc. v. Ford Motor* Co., 189 F.3d 971, 981 n.18 (9th Cir. 1999) ("tak[ing] judicial notice that the market was aware of the information contained in news articles submitted by the defendants").

Defendants provided multiple, blunt warnings and disclosures about the adverse macroeconomic environment long before the May 22, 2019 financial forecast for the first quarter of fiscal year 2020.  The Opposition (at 6) asserts that Defendants "provide no reason for offering" exhibits reflecting Defendants' disclosures.  But this is demonstrably false.  Defendants argued those disclosures are critical to the legal issues pending before this Court.  The Court must consider those disclosures.  Specifically, Defendants have argued that the May 22, 2019 forecast is immunized under the Safe Harbor.  The Safe Harbor rules *necessarily require consideration of a company's risk disclosures and warnings.*[3]  NetApp's warnings were included in SEC filings and referenced in the Safe Harbor preface (Ex. 4 at 3), along with warnings made in investor conference calls.

---

(...continued from previous page)

Complaint expressly cited to eight of the documents.  (Exhibits 1-8).  Nine of Defendants' exhibits are SEC filings (Exs. 2, 3, 5, 8-13).  The documents filed with the SEC also include those that are expressly cited in the Complaint (Exs. 2, 3, 5, 8) or those Plaintiff necessarily relied on for stock sale allegations (Exs. 10-13).

[3] *See Police Retirement Sys v. Intuitive Surgical, Inc.*, 759 F.3d 1051, 1060 (9th Cir. 2014) (holding "cautionary language was sufficient;" forward-looking statements held exempt under the PSLRA's safe harbor provision); *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1112 (9th Cir. 2010).

In addition to the Safe Harbor's application to NetApp's projection and guidance, NetApp's disclosures are relevant to whether Plaintiff states a Section 10(b) claim based on fraudulent omissions. *See Intel*, 2019 WL 1427660, at *6; *Wozniak v. Align Tech., Inc.*, No. C-09-3671-MMC, 2011 WL 2269418, at *10-11 (N.D. Cal. June 8, 2011) ("disclosures[] made both prior to the Class Period and reiterated during it[] revealed the very backlog, understaffing, and customer complaints plaintiff alleges were omitted. Consequently…the [complaint] fails to state a cause of action for securities fraud based on a theory of omission").[4] As noted, the Supreme Court has instructed that courts "must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc.*, 551 U.S. at 322.

In sum, all of Defendants' Exhibits are appropriate and proper for this Court's consideration.

Dated: July 9, 2020

**WILSON SONSINI GOODRICH & ROSATI**
Professional Corporation

By: /s/ Benjamin M. Crosson
      Benjamin M. Crosson

*Attorneys for Defendants*

---

[4] *See In re American Apparel, Inc. S'holder Deriv. Litig.*, No. CV-10-06576 MMM (RCx), 2012 WL 9506072, at *19 (C.D. Cal. July 31, 2012) ("Taking judicial notice of news reports and press releases [before and during the class period] is appropriate to show 'that the market was aware of the information contained in news articles'") (quoting *Heliotrope*, 189 F.3d at 981 n.18); *Wochos v. Tesla, Inc.*, No. 17-cv-05828-CRB, 2018 WL 4076437, at *2 (N.D. Cal. Aug. 27, 2018) (SEC filings and earnings call transcript not incorporated in complaint may be evaluated "for the sole purpose of determining what representations [defendant] made").