# EXHIBIT A-2

Exhibit A-2

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

CHAD C. SMITH, Individually and on : 
behalf of all others similarly situated, :
                        :    Case No. 4:19-cv-04801-JST

    Plaintiff, :

    v. :

NETAPP, INC., et al. :

    Defendants. :

# NOTICE OF PENDENCY AND
# PROPOSED SETTLEMENT OF CLASS ACTION

If you purchased or otherwise acquired the publicly traded securities ("Stock") of NetApp, Inc. ("NetApp" or the "Company") between May 23, 2019 and August 1, 2019, both dates inclusive ("Settlement Class Period"), you could get a payment from a class action settlement (the "Settlement").

*A federal court has authorized this notice. This is not a solicitation from a lawyer.*

- If approved by the Court, the Settlement will provide $2,250,000 plus interest (the "Settlement Amount"), to pay claims of investors who purchased NetApp Stock during the period between May 23, 2019 and August 1, 2019, both dates inclusive, and were damaged thereby.

- The Settlement represents an estimated average recovery of $.08 per Plaintiff's estimate of damaged share of NetApp Stock. This is not an estimate of the actual recovery per share you should expect. Your actual recovery will depend on the aggregate losses of all Settlement Class Members, the date(s) you purchased and sold NetApp Stock, and the total number of claims filed.

- Attorneys for Lead Plaintiff ("Lead Counsel") intend to ask the Court to award them fees of up to $562,500 or twenty-five percent (25%) of the Settlement Amount, reimbursement of litigation expenses of no more than $25,000, and a Compensatory award to Plaintiff for his representation of the Settlement Class, not to exceed $2,000. If approved by the Court, these amounts will be paid from the Settlement Fund.

- If the above amounts are requested and approved by the Court, the average cost per share of Stock will be approximately $.02 per estimated damaged share, making the estimated recovery per estimated damaged share after fees and expenses approximately $.06  This estimate is based on the assumptions set forth in the preceding paragraph. Your actual

recovery, if any, will vary depending on your purchase price and sales price, and the number and amount of claims filed.

- The Settlement resolves the lawsuit concerning allegations that NetApp and certain of NetApp's current and/or former executive officers made false and misleading statements, in violation of federal securities laws, based upon the allegations set forth in the Amended Class Action Complaint for Violations of the Federal Securities Laws ("Amended Complaint"), including that Defendants knowingly issued a false revenue forecast and warned hypothetically about negative financial consequences of its largest customers pushing out or reducing their purchases when the largest customers were already doing so. Defendants deny any wrongdoing.

- Your legal rights will be affected whether you act or do not act. If you do not act, you may permanently forfeit your right to recover on this claim. Therefore, you should read this notice carefully.

### YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT

| | |
|---|---|
| **SUBMIT A CLAIM FORM NO LATER THAN** _____ _____, 202__ | The only way to get a payment. |
| **EXCLUDE YOURSELF NO LATER THAN** _____ _____, 202__ | Get no payment. This is the only option that allows you to be part of any other lawsuit against the Defendants about the legal claims in this case. |
| **OBJECT NO LATER THAN** _____ _____, 202__ | Write to the Court about why you do not like the settlement. |
| **GO TO A HEARING ON** _____ _____, 202__ | You may ask to speak in Court about the fairness of the Settlement. |
| **DO NOTHING** | Get no payment. Give up rights. |

### INQUIRIES

**Please do not contact the Court regarding this notice.** All inquiries concerning this Notice, the Proof of Claim form, or any other questions by Class Members should be directed to:

NetApp Inc. Securities Litigation **or** Jacob A. Goldberg, Esq.
c/o Strategic Claims Services          THE ROSEN LAW FIRM, P.A.
P.O. Box 230                                      101 Greenwood Avenue, Suite 440
600 N. Jackson St., Ste. 205             Jenkintown, PA 19046
Media, PA 19063                              Tel.: 215-600-2817
Tel.: 866-274-4004                           Fax: 212-202-3827
Fax: 610-565-7985                            jgoldberg@rosenlegal.com

-2-
NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION

Exhibit A-2

info@strategicclaims.net

## DEFINITIONS

All capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation of Settlement, dated September 21, 2021 (the "Stipulation").

## COMMON QUESTIONS AND ANSWERS CONCERNING THE SETTLEMENT

**1.    Why did I get this Notice?**

You or someone in your family may have acquired NetApp Stock during the Settlement Class Period.

**2.    What is this lawsuit about?**

The case is known as *Smith v. NetApp, Inc.*, *et al.*, Case No. 19-cv-04801-JST (the "Action"), and the court in charge of the case is the United States District Court for the Northern District of California (the "Court").

The Action involves allegations that Defendants violated the federal securities laws because the Company allegedly made false and misleading statements to the investing public as set out in the Amended Complaint, including that Defendants knowingly issued a false revenue forecast and warned hypothetically about negative financial consequences of its largest customers pushing out or reducing their purchases when the largest customers were already doing so. Defendants deny any wrongdoing. The Settlement resolves all of the claims in the Action against Defendants.

**3.    Why is this a class action?**

In a class action, one or more persons and/or entities, called plaintiffs, sue on behalf of all persons and/or entities who have similar claims. All of these persons and/or entities are referred to collectively as a class, and these individual persons and/or entities are known as class members. One court resolves all of the issues for all class members, except for those class members who validly exclude themselves from the class.

**4.    Why is there a Settlement?**

Lead Plaintiff and Defendants do not agree regarding the merits of Lead Plaintiff's allegations with respect to liability or the average amount of damages per share that would be recoverable if Lead Plaintiff was to prevail at trial on each claim. The issues on which the Lead Plaintiff and Defendants disagree include: (1) whether Defendants made materially false and misleading statements; (2) whether Defendants made these statements with the intent to defraud the investing public; (3) whether the statements were the cause of the Settlement Class Members' alleged damages; and (4) the amount of damages, if any, suffered by the Settlement Class Members.

This matter has not gone to trial and the Court has not decided in favor of either Lead Plaintiff or Defendants. Instead, Lead Plaintiff and Defendants have agreed to settle the Action. The Lead Plaintiff and Lead Counsel believe the settlement is best for all Settlement Class Members because of the risks associated with continued litigation and the nature of the defenses raised by Defendants. Even if Lead Plaintiff were to win at trial, and also withstood Defendants' inevitable challenge on appeal, Lead Plaintiff might not be able to collect some, or all, of the judgment.

**5.    How do I know if I am part of the Settlement?**

To be a Settlement Class Member, you must have purchased NetApp Stock during the period between May 23, 2019 and August 1, 2019, both dates inclusive.

**6.    Are there exceptions to being included?**

Yes. Excluded from the Settlement Class are (i) persons who suffered no compensable losses; (ii) persons who validly exclude themselves from the Settlement Class, as described below; (iii) Defendants, the officers and directors of NetApp, members of the Individual Defendants' immediate families and their legal representatives, heirs, successors, or assigns and any entity in which the Individual Defendants have or had a controlling interest.

**7.    I am still not sure whether I am included.**

If you are still not sure whether you are included, you can ask for free help. For more information, you can contact the Claims Administrator, Strategic Claims Services, by phone at (866) 274-4004 or by facsimile at (610) 565-7985, visit the website www.strategicclaims.net, or fill out and return the Proof of Claim described in Question 9, to see if you qualify.

**8.    What does the Settlement provide?**

**(a)    What is the Settlement Fund?**

The proposed Settlement calls for the creation of a Settlement Fund (the "Settlement Fund") in the amount of $2,250,000. The Settlement is subject to Court approval. Also, subject to the Court's approval, a portion of the Settlement Fund will be used to pay Lead Counsel's attorneys' fees and reasonable litigation expenses and any Compensatory Award to Plaintiff for reimbursement of reasonable costs and expenses (including lost wages) directly relating to their representation of the Settlement Class. A portion of the Settlement Fund also will be used to pay taxes due on interest earned by the Settlement Fund, if necessary, and any notice and claims administration expenses permitted by the Court. After the foregoing deductions from the Settlement Fund have been made, the amount remaining (the "Net Settlement Fund") will be distributed to Settlement Class Members who submit valid claims.

NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION

(b)     **What can I expect to receive under the proposed Settlement?**

Your share of the Net Settlement Fund will or may depend on: (i) the number of claims filed; (ii) the dates you purchased and sold NetApp Stock; (iii) the prices of your purchases and sales; (iv) the amount of administrative costs, including the costs of notice; and (v) the amount awarded by the Court to Lead Plaintiff and Lead counsel for attorneys' fees, costs, and expenses.

The Claims Administrator will determine each Class Member's *pro rata* share of the Net Settlement Fund based upon each Class Member's "Recognized Loss." The Recognized Loss formula is not intended to be an estimate of the amount that a Class Member might have been able to recover after a trial; it also is not an estimate of the amount that will be paid to Authorized Claimants pursuant to the Settlement. The Recognized Loss formula is the basis upon which the Net Settlement Fund will be proportionately allocated to the Settlement Class Members with valid claims.

The Net Settlement Fund will be distributed to Class Members who submit valid, timely claim forms ("Authorized Claimants") under the below Plan of Allocation, which reflects Lead Plaintiff's contention that because of the alleged misrepresentations and omissions made by Defendants, the price of NetApp Stock was artificially inflated during the Settlement Class Period and that disclosure of the true facts caused changes in the inflated stock price. Defendants have denied and continue to deny these allegations and any and all allegations of wrongdoing, fault, liability or damage whatsoever asserted in the Action.

## PROPOSED PLAN OF ALLOCATION OF THE NET SETTLEMENT FUND

The Plan of Allocation is a matter separate and apart from the proposed Settlement, and any decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of the proposed Settlement. The Court may approve the Plan of Allocation with or without modifications agreed to among the Parties, or another plan of allocation, without further notice to Settlement Class Members. Any orders regarding a modification of the Plan of Allocation will be posted to the Claims Administrator's website, www.strategicclaims.net/NetApp/.

The Claims Administrator shall determine the *pro rata* share of the Net Settlement Fund of each Authorized Claimant based upon each Authorized Claimant's Recognized Loss. **Please Note**: The Recognized Loss formula, set forth below, is not intended to be an estimate of the amount of what a Settlement Class Member might have been able to recover after a trial, nor is it an estimate of the amount that will be paid to Authorized Claimants pursuant to the Settlement. The Recognized Loss formula is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants. To the extent there are sufficient funds in the Net Settlement Fund, each Authorized Claimant will receive an amount equal to the Authorized Claimant's Recognized Loss and subject to the provisions in the following paragraphs. If, however, the amount in the Net Settlement Fund is not sufficient to permit payment of the total Recognized Loss of each Authorized Claimant, then each Authorized Claimant shall be paid the percentage of the Net Settlement Fund that each Authorized Claimant's Recognized Loss bears to the total Recognized Losses of all Authorized Claimants and subject to the provisions in the following paragraphs (*i.e.*, "*pro rata* share"). Payment in this manner shall be deemed conclusive

Exhibit A-2

against all Authorized Claimants. No distribution will be made on a claim where the potential distribution amount is less than ten dollars ($10.00) in cash.

If any funds remain in the Net Settlement Fund by reason of uncashed checks, or otherwise, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, then any balance remaining in the Net Settlement Fund six (6) months after the initial distribution of such funds shall be used: (i) first, to pay any amounts mistakenly omitted from the initial distribution to Authorized Claimants; (ii) second, to pay any additional Notice and Administration Costs incurred in administering the Settlement; and (iii) finally, to make a second distribution to Authorized Claimants who cashed their checks from the initial distribution and who would receive at least $10.00 from such second distribution, after payment of the estimated costs or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible. If six (6) months after such second distribution, if undertaken, or if such second distribution is not undertaken, any funds shall remain in the Net Settlement Fund after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in this Settlement cash their checks, any funds remaining in the Net Settlement Fund shall be donated to a non-profit charitable organization(s) selected by Lead Counsel.

## THE BASIS FOR CALCULATING YOUR RECOGNIZED LOSS:

Each Authorized Claimant shall be allocated a *pro rata* share of the Net Settlement Fund based on his, her, or its Recognized Loss as compared to the total Recognized Losses of all Authorized Claimants. Recognized Losses will be calculated as follows:

I)    For common shares purchased between May 23, 2019 and June 18, 2019, inclusive, the Recognized Loss shall be calculated as follows:
   A. For shares retained at the end of trading on October 30, 2019, the Recognized Loss shall be 10% of the lesser of:
      (i)    $11.67 per share; or
      (ii)   the difference between the purchase price per share and $51.22 per share.[1]

   B. For shares sold on or before August 1, 2019, the Recognized Loss per share shall be $0.

   C. For shares sold between August 2, 2019 and October 30, 2019, inclusive, the Recognized Loss shall be 10% of the lesser of:
      i)    $11.67 per share; or

---

[1]Pursuant to Section 21(D)(e)(1) of the Private Securities Litigation Reform Act of 1995, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated." $51.22 per share was the mean (average) daily closing trading price of the Company's common shares during the 90-day period beginning on August 2, 2019 and ending on October 30, 2019.

NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION

Exhibit A-2

ii)    the difference between the purchase price per share and the average closing price per share as of date of sale provided in Table A below.

II)    For common shares purchased between June 19, 2019 and August 1, 2019, inclusive, the Recognized Loss shall be calculated as follows:

A. For shares retained at the end of trading on October 30, 2019, the Recognized Loss shall be the lesser of:
i)    $11.67 per share; or
ii)    the difference between the purchase price per share and $51.22 per share.

B. For shares sold on or before August 1, 2019, the Recognized Loss per share shall be $0.

C. For shares sold between August 2, 2019 and October 30, 2019, inclusive, the Recognized Loss shall be the lesser of:
i)    $11.67 per share; or
ii)    the difference between the purchase price per share and the average closing price per share as of date of sale provided in Table A below.

Table A

| Date | Closing Price | Average Closing Price | Date | Closing Price | Average Closing Price |
|---|---|---|---|---|---|
| 8/2/2019 | $46.04 | $46.04 | 9/18/2019 | $54.93 | $49.21 |
| 8/5/2019 | $45.16 | $45.60 | 9/19/2019 | $54.43 | $49.36 |
| 8/6/2019 | $46.01 | $45.74 | 9/20/2019 | $54.10 | $49.50 |
| 8/7/2019 | $46.27 | $45.87 | 9/23/2019 | $54.53 | $49.64 |
| 8/8/2019 | $47.75 | $46.25 | 9/24/2019 | $52.96 | $49.73 |
| 8/9/2019 | $46.58 | $46.30 | 9/25/2019 | $53.81 | $49.84 |
| 8/12/2019 | $46.11 | $46.27 | 9/26/2019 | $53.69 | $49.94 |
| 8/13/2019 | $46.99 | $46.36 | 9/27/2019 | $53.91 | $50.03 |
| 8/14/2019 | $44.71 | $46.18 | 9/30/2019 | $52.51 | $50.09 |
| 8/15/2019 | $46.47 | $46.21 | 10/1/2019 | $51.99 | $50.14 |
| 8/16/2019 | $46.76 | $46.26 | 10/2/2019 | $51.38 | $50.17 |
| 8/19/2019 | $47.01 | $46.32 | 10/3/2019 | $51.42 | $50.20 |
| 8/20/2019 | $46.09 | $46.30 | 10/4/2019 | $52.06 | $50.24 |
| 8/21/2019 | $46.89 | $46.35 | 10/7/2019 | $52.03 | $50.28 |
| 8/22/2019 | $46.78 | $46.37 | 10/8/2019 | $50.56 | $50.28 |
| 8/23/2019 | $45.43 | $46.32 | 10/9/2019 | $51.37 | $50.31 |
| 8/26/2019 | $46.56 | $46.33 | 10/10/2019 | $49.78 | $50.30 |
| 8/27/2019 | $46.51 | $46.34 | 10/11/2019 | $51.49 | $50.32 |
| 8/28/2019 | $46.82 | $46.37 | 10/14/2019 | $52.20 | $50.36 |
| 8/29/2019 | $47.90 | $46.44 | 10/15/2019 | $53.04 | $50.41 |
| 8/30/2019 | $48.06 | $46.52 | 10/16/2019 | $53.22 | $50.46 |

-7-
NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION

Exhibit A-2

| | | | | | |
|---|---|---|---|---|---|
| 9/3/2019 | $47.41 | $46.56 | 10/17/2019 | $54.02 | $50.53 |
| 9/4/2019 | $49.15 | $46.67 | 10/18/2019 | $53.49 | $50.58 |
| 9/5/2019 | $51.76 | $46.88 | 10/21/2019 | $54.57 | $50.65 |
| 9/6/2019 | $51.98 | $47.09 | 10/22/2019 | $55.18 | $50.73 |
| 9/9/2019 | $54.78 | $47.38 | 10/23/2019 | $56.01 | $50.82 |
| 9/10/2019 | $54.51 | $47.65 | 10/24/2019 | $55.45 | $50.90 |
| 9/11/2019 | $56.22 | $47.95 | 10/25/2019 | $56.01 | $50.99 |
| 9/12/2019 | $56.36 | $48.24 | 10/28/2019 | $55.86 | $51.07 |
| 9/13/2019 | $56.57 | $48.52 | 10/29/2019 | $55.47 | $51.14 |
| 9/16/2019 | $56.84 | $48.79 | 10/30/2019 | $56.37 | $51.22 |
| 9/17/2019 | $56.54 | $49.03 | | | |

To the extent a Claimant had a trading gain or "broke even" from his, her, or its overall transactions in NetApp shares during the Settlement Class Period, the value of the Recognized Loss will be zero and the Claimant will not be entitled to a share of the Net Settlement Fund. To the extent that a Claimant suffered a trading loss on his, her, or its overall transactions in NetApp shares during the Settlement Class Period, but that trading loss was less than the Recognized Loss calculated above, then the Recognized Loss shall be limited to the amount of the Claimant's actual trading loss.[2]

For purposes of calculating your Recognized Loss, the date of purchase, acquisition or sale is the "contract" or "trade" date and not the "settlement" or "payment" date. The receipt or grant by gift, inheritance or operation of law of NetApp shares shall not be deemed a purchase or acquisition of NetApp shares for the calculation of an Authorized Claimant's Recognized Loss. The covering purchase of a short sale is not an eligible purchase. Only publicly traded common shares are eligible purchases (Cusip number: 64110D104).

For purposes of calculating your Recognized Loss, all purchases, acquisitions and sales shall be matched on a First In First Out ("FIFO") basis in chronological order. Therefore, on the Proof of Claim and Release Form enclosed with this Notice, you must provide all of your purchases and acquisitions of NetApp common shares during the time period from May 23, 2019 through and including October 30, 2019.

Payment pursuant to the Plan of Allocation approved by the Court shall be conclusive against all Authorized Claimants. No person shall have any claim against Defendants, Defendants' Counsel, Lead Plaintiff, Lead Counsel, or the Claims Administrator or other agent designated by Lead Counsel based on the distributions made substantially in accordance with the Stipulation and

---

[2] In order to determine the Claimant's overall trading loss, the Claims Administrator will calculate the total purchase cost of the NetApp common stock shares that the Claimant purchased during the Settlement Class Period, less the total amount received for any NetApp common stock shares that the Claimant sold between May 23, 2019 through and including October 30, 2019, and less the value of any NetApp common stock shares the Claimant held at the close of trading on October 30, 2019 (which will be calculated with a value of $51.22 per share). Any shares held at the beginning of the Settlement Class Period and sold during the Settlement Class Period are not included in the calculation of the overall trading loss.

NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION

the Settlement contained therein, the Plan of Allocation, or further orders of the Court. Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Proof of Claim and Release Form. All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted in connection with the Settlement, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, shall be released and discharged from any and all claims arising out of such involvement, and all Settlement Class Members, whether or not they are to receive payment from the Net Settlement Fund, will be barred from making any further claim against the Net Settlement Fund beyond the amount allocated to them as provided in any distribution orders entered by the Court.

**9.    How can I get a payment?**

To qualify for a payment, you must send in a form entitled "Proof of Claim and Release Form." This form is attached to this Notice. You may also obtain this form on the Internet at www.strategicclaims.net/NetApp. Read the instructions carefully, fill out the form, sign it in the location indicated. The Proof of Claim and Release Form may be completed in two ways: (1) by completing and submitting it electronically at www.strategicclaims.net/NetApp by 11:59 p.m. EST on _____, 202__; or (2) by mailing the claim form together with all documentation requested in the form, postmarked no later than _____, 202__, to the Claims Administrator at:

NetApp, Inc. Securities Litigation
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson St., Ste. 205
Media, PA 19063
Fax: 610-565-7985
info@strategicclaims.net

The Claims Administrator will process your claim and determine whether you are an Authorized Claimant.

**9.    What am I giving up to get a payment or stay in the Class?**

Unless you validly exclude yourself by the _____ deadline, you will remain in the Settlement Class. That means that if the Settlement is approved, you and all Settlement Class Members and each of their respective parent entities, associates, affiliates, subsidiaries, predecessors, successors, assigns, attorneys, immediate family members, heirs, representatives, administrators, executors, devisees, legatees, and estates will release (agreeing never to sue, continue to sue, or be part of any other lawsuit) as against Defendants and other Released Parties any and all claims which arise out of, are based upon or relate in any way to the purchase or acquisition of NetApp Stock during the Settlement Class Period. It means that all of the Court's orders will apply to you and legally bind you. That means you will accept a share of the Net Settlement Fund as sole compensation for any losses you suffered in the purchase, acquisitions, sale or ownership

of NetApp Stock during the Settlement Class Period. The specific terms of the release are included in the Stipulation.

**10.    How do I get out of the Settlement?**

If you do not want to receive a payment from this Settlement, and you want to keep any right you may have to sue or continue to sue Defendants on your own based on the legal claims raised in the Action, then you must take steps to get out of the Settlement. This is called excluding yourself from – or "opting out" of – the Settlement. To validly exclude yourself from the Settlement, you must mail a letter that (A) clearly indicates your name, address, phone number and e-mail contact information (if any) and states that you "request to be excluded from the Settlement Class in *Smith v. NetApp, Inc.*, *et al*., Case No. 19-cv-04801-JST" and (B) states the date, number of shares and dollar amount of each purchase, acquisition, and sale of NetApp Stock during the Settlement Class Period, as well as the number of shares of NetApp Stock held by you as of October 30, 2019. In order to be valid, such request for exclusion must be submitted with documentary proof: (i) of each purchase and, if applicable, sale transaction during the Settlement Class Period; and (ii) demonstrating your status as a beneficial owner of the NetApp Stock. Any such request for exclusion must be signed and submitted by you, as the beneficial owner, under penalty of perjury. You must mail your exclusion request, to be **received no later than _____ __, 202__**, to the Claims Administrator at the following address:

NetApp, Inc. Securities Litigation
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson St., Ste. 205
Media, PA 19063

**You cannot exclude yourself by telephone or by e-mail**. If you ask to be excluded, you will not receive a settlement payment, and you cannot object to the Settlement. If you ask to be excluded in conformity with this Notice, you will not be legally bound by anything that happens in this Action.

**11.    If I do not exclude myself, can I sue Defendants for the same thing later?**

No. Unless you exclude yourself, you give up any right to sue Defendants for the claims that this Settlement resolves, or the Released Claims as defined above. If you have a pending lawsuit, speak to your lawyer in that case immediately, since you may have to exclude yourself from this Settlement Class to continue your own lawsuit.

**12.    Do I have a lawyer in this case?**

The Court has appointed The Rosen Law Firm, P.A. as Lead Counsel to represent the Settlement Class Members for the purposes of this settlement. You have the option to retain your own separate counsel at your own cost and expense. You need not retain your own separate counsel to opt-out, object, submit a Proof of Claim, or appear at the Final Approval Hearing. Contact information for Lead Counsel is provided below.

-10-
NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION

**13.   How will the lawyers be paid?**

Lead Counsel have expended considerable time litigating this action on a contingent fee basis, have paid for the expenses of the litigation themselves, and have not been paid any attorneys' fees in advance of this Settlement. Lead Counsel have done so with the expectation that if they are successful in recovering money for the Class, they will receive attorneys' fees and be reimbursed for their litigation expenses from the Settlement Fund, as is customary in this type of litigation. Lead Counsel will not receive attorneys' fees or be reimbursed for their litigation expenses except from the Settlement Fund. Therefore, Lead Counsel will file a motion asking the Court at the Final Approval Hearing to make an award of attorneys' fees in an amount not to exceed 25% of the Settlement Fund and for reimbursement of reasonable litigation expenses not to exceed $_____, and a Compensatory Award to Plaintiff for reimbursement of reasonable costs and expenses (including lost wages) directly relating to his representation of the Class, in an amount not to exceed $2,000. The Court may award less than these amounts. Any amounts awarded by the Court will come out of the Settlement Fund.

**14.   How do I tell the Court that I do not like the Settlement?**

You can ask the Court to deny approval by filing an objection to any part of the Settlement, or Lead Counsel's motion for attorneys' fees and expenses and application for a Compensatory Award to Lead Plaintiff, and explaining that you think the Court should not approve the Settlement. You cannot ask the Court to order a different settlement; the Court can only approve or reject the Settlement. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue. If that is what you want to happen, you must object. To file an objection, you must mail a letter stating that you object to the Settlement in the matter of *Smith v. NetApp, Inc.*, *et al.*, Case No. 19-cv-04801-JST. Be sure to include: (1) your name, address, and telephone number; (2) a list of all purchases and sales of NetApp Stock during the Settlement Class Period in order to show membership in the Settlement Class; (3) all grounds for the objection, including any legal support known to you or your counsel; (4) the name, address and telephone number of all counsel, if any, who represent you, including your former or current counsel who may be entitled to compensation in connection with the objection; and (5) the number of times you and/or your counsel has filed an objection to a class action settlement in the last five years, the nature of each such objection in each case, the jurisdiction in each case, and the name of the issuer of the security or seller of the product or service at issue in each case.

Attendance at the Final Approval Hearing is not necessary. Objectors wishing to be heard orally at the Final Approval Hearing are required to indicate in their written objection (or in a separate writing that is submitted in accordance with the deadline and after instruction pertinent to the submission of a written objection) that they intend to appear at the Final Approval Hearing and identify any witnesses they may call to testify or exhibits they intend to introduce into evidence at the Final Approval Hearing. Objections must be in writing. Objections can be submitted to the Court either by mailing them to the Class Action Clerk, United States District Court for the Northern District of California, 1301 Clay Street, Suite 400 S, Oakland, California 94612, or by filing them in person at any location of the United

NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION

Exhibit A-2

States District Court for the Northern District of California, and (c) be filed or postmarked on or before _____.

**15.    What is the difference between objecting and requesting exclusion?**

Objecting is simply telling the Court you do not like something about the Settlement. You can object only if you stay in the Settlement Class. Requesting exclusion is telling the Court you do not want to be part of the Settlement Class and Settlement. If you exclude yourself, you cannot object to the Settlement because it no longer concerns you. If you stay in the Settlement Class and object, but your objection is overruled, you will not be allowed a second opportunity to exclude yourself and you will be bound by any order issued by the Court.

**16.    When and where will the Court decide whether to approve the Settlement?**

The Court will hold a Final Approval Hearing on _____ _____, 202__ at _ _: _ _, _.m., at the United States District Court, Northern District of California, Oakland Courthouse, 1301 Clay Street, Courtroom 6, 2nd Floor, Oakland, CA 94612.
At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate and whether to approve the Settlement. If there are objections, the Court will consider them, and the Court will listen to people who have asked to speak at the hearing. The Court may also decide how much to award Lead Counsel for attorneys' fees and expenses and how much to award Plaintiff in a Compensatory Award.

The Final Approval Hearing may be adjourned by the Court without further written notice to the Settlement Class. If you intend to attend the Final Approval Hearing, you should confirm the date and time with Lead Counsel, check the Claims Administrator's website at www.strategicclaims.net/NetApp, or the Court's Public Access to Court Electronic Records ("PACER") system at https://ecf.cand.uscourts.gov. The Court may decide to hold the Final Approval Hearing telephonically or by other virtual means without further notice.

**17.    Do I have to come to the hearing?**

No. Lead Counsel will answer any questions the Court may have. However, you are welcome to attend at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mail your written objection on time, the Court will consider it.

**18.    What happens if I do nothing at all?**

If you do nothing, you will not receive a payment from the Settlement. However, unless you validly exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendants about the claims made in this case ever again.

**19.    Can I See the Court File? Whom Should I Contact if I Have Questions?**

This Notice contains only a summary of the terms of the proposed Settlement. For the precise terms and conditions of the settlement, please see the Stipulation available at

-12-
NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION

Exhibit A-2

www.strategicclaims.net/NetApp, by contacting Lead Counsel at (215) 600-2817, by accessing the Court docket in this case, for a fee, through the Court's PACER system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, 1301 Clay Street, Suite 400 S, Oakland, California 94612, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays

All inquiries concerning this Notice and the Claim Form should be directed to the Claims Administrator or Lead Counsel at:

| | | |
|---|---|---|
| NetApp Inc. Securities Litigation | **or** | Jacob A. Goldberg, Esq. |
| c/o Strategic Claims Services | | THE ROSEN LAW FIRM, P.A. |
| P.O. Box 230 | | 101 Greenwood Avenue, Suite 440 |
| 600 N. Jackson St., Ste. 205 | | Jenkintown, PA 19046 |
| Media, PA 19063 | | Tel.: 215-600-2817 |
| Tel.: 866-274-4004 | | Fax: 212-202-3827 |
| Fax: 610-565-7985 | | jgoldberg@rosenlegal.com |
| info@strategicclaims.net | | |

**DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIMS PROCESS.**

**SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES**

If, between May 23, 2019 and August 1, 2019, both dates inclusive, you purchased, otherwise acquired, or sold NetApp Stock for the beneficial interest of a person or organization other than yourself, the Court has directed that, WITHIN TEN (10) DAYS OF YOUR RECEIPT OF THIS NOTICE, you either (a) provide to the Claims Administrator the name, last known address, and email address of each person or organization for whom or which you purchased such NetApp Stock during such time period; (b) request a link to the location where the Long Notice and Proof of Claim are hosted and, within ten (10) days of receipt, email the link to all such beneficial owners of the NetApp Stock for whom valid email addresses are available; or (c) request additional copies of the Postcard Notice, which will be provided to you free of charge, and within ten (10) days mail the Postcard Notice directly to the beneficial owners of the NetApp Stock. If you choose to follow either alternative procedure (b) or (c), the Court has directed that, upon such mailing or emailing, you send a statement to the Claims Administrator confirming that the mailing or emailing was made as directed. You are entitled to reimbursement from the Settlement Fund of your reasonable out-of-pocket expenses actually incurred in connection with the foregoing, up to a maximum of $0.05 plus postage at the pre-sort rate unit by the Claims Administrator per Postcard Notice mailed, $0.05 per link to the electronic Long Notice and Proof of Claim emailed; or $0.05 per name and address provided to the Claims Administrator. Those expenses will be paid upon request and submission of appropriate supporting documentation. All communications regarding

-13-
NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION

the foregoing should be addressed to the Claims Administrator at the address listed on page 3 above.

DATED: _____ _____, 2021        _____

BY ORDER OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION