**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen, Esq. (SBN 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Lead Counsel for Lead Plaintiff and the Class*

[*Additional Counsel on Signature Page*]

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAD C. SMITH, Individually and on behalf of all others similarly situated, | Case No. 19-cv-04801-JST |
| Plaintiff, | Class Action |
| v. | |
| NETAPP, INC., et al. | |
| Defendants. | |

# SUPPLEMENTAL MEMORANDUM IN FURTHER SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT

Pursuant to this Court's February 10, 2022, Order, (ECF No. 68), Lead Plaintiff Winston Derouin ("Plaintiff") submits this Supplemental Memorandum in further support of his Unopposed Motion for Preliminary Approval of Settlement and Memorandum of Points and Authorities in Support Thereof ("Motion"). (ECF No. 65). Plaintiff supplements the Motion by reference to the Northern District of California's "Procedural Guidance for Class Action Settlements," addressing newly added information as "Additional Information." Some guidelines are inapplicable.

<u>**Procedural Guidelines for Class Action Settlements**</u>

**Preliminary Approval**

1) INFORMATION ABOUT THE SETTLEMENT:

a.    If a litigation class has not been certified, any differences between the settlement class and the class proposed in the operative complaint and an explanation as to why the differences are appropriate in the instant case.

b.    If a litigation class has been certified, any differences between the settlement class and the class certified and an explanation as to why the differences are appropriate in the instant case.

c.    If a litigation class has not been certified, any differences between the claims to be released and the claims in the operative complaint and an explanation as to why the differences are appropriate in the instant case.

d.    If a litigation class has been certified, any differences between the claims to be released and the claims certified for class treatment and an explanation as to why the differences are appropriate in the instant case.

The Court did not certify the class. The Settlement Class is identical to the Class the Complaint pleads and the release is neither wider nor narrower than the Complaint's claims. *See* Declaration of Jacob A. Goldberg in Support of Plaintiff's Unopposed Motion for Preliminary Approval of Settlement ("Goldberg Decl."), (ECF No. 66), at ¶14 and n. 2*; see also* Goldberg Decl., at ¶19. *See also* Stipulation of Settlement ("Stipulation"), (ECF No. 66-1), at ¶1.31.

e.    The anticipated class recovery under the settlement, the potential class recovery if plaintiffs had fully prevailed on each of their claims, and an explanation of the factors bearing on the amount of the compromise.

Plaintiff details the anticipated recovery relative to the potential class recovery under the Settlement. Motion at pp. 6-13. In summary, the potential damages upon certification of the full class, Plaintiff's success on all claims, and all potential settlement class members both remaining in

SUPPLEMENTAL MEMORANDUM IN FUTHER SUPPORT OF LEAD PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT; Case No. 19-cv-04801-JST

1

the class and filing claims is approximately $181.7 million. The anticipated class recovery under the settlement is $2,250,000, or 1.24% of the maximum damages, less attorneys' fees and expenses and costs of administration. The Settlement is fair and reasonable in light of the procedural posture of this case and the difficulty in achieving reversal of this Court's dismissal of all claims with prejudice. *See* Motion, at 6-13 (at 11-12, the Motion specifically address anticipated recovery and potential recovery); *see also* Goldberg Decl. at ¶¶20-23.

       f.      The proposed allocation plan for the settlement fund.

Plaintiff details the proposed Plan of Allocation ("Plan") in the Motion, at 19-20, the Notice of Pendency and Proposed Settlement of Class Action ("Long Notice"), (ECF No. 66-4), at ¶8, and the Goldberg Decl. at ¶¶24-27. In summary, the Plan allocates recovery based on the case's strengths and weaknesses, including that the Court found neither falsity nor scienter for the period from May 23, 2019 through June 18, 2019, discounting those claims accordingly, and found falsity adequately pleaded, but not scienter, for the period from June 19, 2019 through August 1, 2019.

       g.      If there is a claim form, an estimate of the number and/or percentage of class members who are expected to submit a claim in light of the experience of the selected claims administrator and/or counsel from other recent settlements of similar cases, the identity of the examples used for the estimate, and the reason for the selection of those examples.

Plaintiff attached the proposed Proof of Claim and Release Form (ECF No. 66-5) as an Exhibit to the Stipulation. With the assistance of proposed claims administrator Strategic Claims Services ("SCS"), Plaintiff estimates of the number and/or percentage of class members who are expected to submit a claim. *See* Goldberg Decl. at ¶28; *see also* Declaration of Paul Mulholland Regarding Notice Plan (Mulholland Decl."), (ECF No. 66-9), at ¶¶13-14. Supplementing that information, Plaintiff provides the following information, comprising the basis for SCS's estimate

SUPPLEMENTAL MEMORANDUM IN FUTHER SUPPORT OF LEAD PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT; Case No. 19-cv-04801-JST

2

by reference to recent settlements that SCS has administered with similar settlement amounts and trading volume:[1]

| Case | *Zubriski v. BioAmber, Inc. et al.*, No. 2:17-cv-01531-ADS-GRB (E.D.N.Y.) | *Brendon v. Allegiant Travel Co., et al.*, No. 2:18-cv-01758-APG-BNW (D. Nev.) | *Byrne v. Westpac Banking Corp., et al.*, Co. 3:20-cv-00171-AC (D. Or.) | Average of Three Example Cases | *Smith v. NetApp, et al.*, **No. 19-cv-04801-JST (N.D. Cal.)-PROPOSED** |
|---|---|---|---|---|---|
| Total Settlement Fund | $2,250,000 | $4,000,000 | $3,100,000 | $3,116,667 | **$2,250,000** |
| Class Period ("C.P.") | 7/15/14-8/3/17 | 6/8/15-5/9/18 | 11/11/15-11/19/19 | N/A | **5/23/19-8/1/19** |
| Final Approval Date | 5/20/2020 | 5/14/2020 | 4/20/2020 | N/A | **TBD** |
| Trading Volume during C.P.* | 31,000,000 | 88,500,000 | 180,000,000 | 99,833,333 | **48,975,000** |
| Class Size- # of Notices Sent | 13,545 | 49,007 | 118,279 | 60,277 | **25,000-50,000 (estimated)**** |
| Average # of Shares Purchased per Class Member | 2,289 | 1,806 | 1,522 | 1,872 | **1,000-2,000 (estimated)**** |
| Claims Filed | 2,612 | 16,813 | 32,406 | N/A | **6,250-12,500 (estimated)**** |
| Claims Filing Ratio % | 19.28% | 34.31% | 27.40% | 27.00% | **25.00% (estimated)**** |

[1] Attached as Exhibit 1 is the Supplemental Declaration of Paul Mulholland Regarding Estimated Class Size, Number of Claims, and Administration Costs. The chart reprinted below is attached as Exhibit A to that Supplemental Declaration.

SUPPLEMENTAL MEMORANDUM IN FUTHER SUPPORT OF LEAD PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT; Case No. 19-cv-04801-JST

3

\* Excludes Estimated Shares for market makers or specialists trading.

\*\* SCS bases its estimates on its experience in administering hundreds of securities class action settlements; the 65.3 million reported trading volume of NetApp's common stock during the Settlement Class Period, and the institutional holders of NetApp common stock during the Settlement Class Period; as well as other factors. *See* Mulholland Decl. at ¶14.

h. In light of Ninth Circuit case law disfavoring reversions, whether and under what circumstances money originally designated for class recovery will revert to any defendant, the potential amount or range of amounts of any such reversion, and an explanation as to why a reversion is appropriate in the instant case.

The Settlement provides Defendants with no right of reversion. *See* Stipulation at ¶2.3; *see also*, Goldberg Decl. at ¶29; Motion at 20. In his eventual motion to approve distribution, Plaintiff will seek Court approval to contribute residual remaining after further attempts to distribute have become economically infeasible to the Investor Justice and Education Clinic at Howard University. Motion, at 20.

2) SETTLEMENT ADMINISTRATION: In the motion for preliminary approval, the parties should identify the proposed settlement administrator, the settlement administrator selection process, how many settlement administrators submitted proposals, what methods of notice and claims payment were proposed, and the lead class counsel's firms' history of engagements with the settlement administrator over the last two years. The parties should also address the anticipated administrative costs, the reasonableness of those costs in relation to the value of the settlement, and who will pay the costs. The court may not approve the amount of the cost award to the settlement administrator until the final approval hearing.

Plaintiff, through his counsel, selects SCS as claims administrator. In the two years preceding September 24, 2021, the date Plaintiff filed his Motion, it has selected SCS in 32 cases in cases in which Plaintiff's counsel served as Lead Counsel or co-Lead Counsel. *See* Goldberg Decl. at ¶¶30-35. ¶32 lists those 32 cases which SCS administered, or is administrating, settlements, and in which the Rosen Law Firm, P.A., served as Lead Counsel or co-Lead Counsel. ¶¶33-34 discuss the estimated costs of settlement administration. *See also* Mulholland Decl. at ¶¶13-14.

<u>Additional Information</u>- Settlement Administrator Selection Process

Plaintiff's counsel solicited no competing bids from other claims administrators. Plaintiff's counsel has over 20 years of experience working with SCS. SCS excels in relatively small securities class action settlements such as this case. SCS' costs are consistently the lowest or nearly the lowest

SUPPLEMENTAL MEMORANDUM IN FUTHER SUPPORT OF LEAD PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT; Case No. 19-cv-04801-JST

4

in the industry in such cases. Further, in Plaintiff's counsel's experience, SCS performs its work on-budget, estimating with relative precision the number of expected claims, rarely seeking an amount greater than a court initially authorizes and often coming in materially less than that amount. In Plaintiff's counsel's experience, no other settlement administrator is as consistently cost effective and efficient as SCS.

To enhance cost efficiency, Plaintiff's counsel has worked with SCS to reduce claims administration expenses. For example, in the late 1990s, Plaintiff's counsel and SCS were first to recommend and achieve a court order, avoiding summary notice publication in expensive newspapers, instead issuing press releases linked to a defendant corporation's ticker symbol. In a small settlement, several hundred dollars for a press release is equally effective in achieving the goal at a fraction of the cost. Similarly, with years of experience, SCS is at the vanguard of the movement toward postcard notice and online claims filing, enabling it to reduce per claim costs materially. More recently, SCS has led the charge to introduce caps on the amount that reimbursement nominees receive for mailing notice to their customers. This change prevents unscrupulous intermediaries from gaining excessive profit at class members' expense. Such caps have become standard in administering securities class action settlements.

SCS will administer the notice, claims review, and distribution processes efficiently and on-budget. Based on assumptions discussed in the Mulholland Decl., SCS estimates total administration costs to be from $135,000-$230,000, or 6%-10% of the Settlement Amount. *See* Mulholland Decl. at ¶16. SCS has agreed to discount administrative fees by 10%. *Id.* at ¶15.

3) NOTICE—The parties should ensure that the class notice is easily understandable, taking into account any special concerns about the education level or language needs of the class members. The notice should include the following information: (1) contact information for class counsel to answer questions; (2) the address for a website, maintained by the claims administrator or class counsel, that has links to the notice, motions for approval and for attorneys' fees and any other important documents in the case; (3) instructions on how to access the case docket via PACER or in person at any of the court's locations. The notice should state the date of the final approval hearing and clearly state that the date may change without further notice to the class. Class members should be advised to check the settlement website or the Court's PACER site to confirm that the date has not been changed. The notice distribution plan should be an effective one.

---

SUPPLEMENTAL MEMORANDUM IN FUTHER SUPPORT OF LEAD PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT; Case No. 19-cv-04801-JST

5

With respect to the contents of the Long Notice, it includes for Settlement Class members class counsel contact information, SCS's website, linking to the notice and documents related to the Settlement, and instructions on how to access the docket on PACER. *See* Long Notice at pp. 2-5, 9, 12-13. The Long Notice includes the date of the final approval hearing and informs that the date may change without further notice to the class, prompting Settlement Class members to check SCS's website or the Court's PACER site to confirm that the date has not been changed. *Id.* at p. 12. SCS's plan to distribute Notice by notifying institutions and obtaining putative Settlement Class Members' names and addresses, mailing the Postcard Notice, providing access to the Long Notice online and for online claims filing, and mailing the Long Notice to anyone that requests it, renders the notice distribution plan effective. *See* Long Notice at 2-5, 9, 12-13; *see also*, Summary Notice of Pendency and Proposed Settlement of Class Action ("Summary Notice"), (ECF No. 66-6); Postcard Notice (ECF No. 66-3).

Class counsel should consider the following ways to increase notice to class members: identification of potential class members through third-party data sources; use of social media to provide notice to class members; hiring a marketing specialist; providing a settlement website that estimates claim amounts for each specific class member and updating the website periodically to provide accurate claim amounts based on the number of participating class members; and distributions to class members via direct deposit.

With respect to maximizing outreach to putative Settlement Class Members, SCS uses third party data sources to identify potential class members and administers the settlement website, which includes a link to the Long Notice, which estimates per share recovery. *See* Long Notice at pp. 5-8. As this is not a consumer-type class action where actual sales records may not exist, no need exists to hire a marketing specialist at the Settlement Class's expense. SCS has years of experience, *see* Mulholland Decl. at ¶2 and Exhibit A thereto, locating potential class members, providing notice, soliciting claims forms, and assisting class members in perfecting their claims.

The notice distribution plan should rely on U.S. mail, email, and/or social media as appropriate to achieve the best notice that is practicable under the circumstances, consistent with Federal Rule of Civil Procedure 23(c)(2). If U.S. mail is part of the notice distribution plan, the notice envelope should be designed to enhance the chance that it will be opened.

SUPPLEMENTAL MEMORANDUM IN FUTHER SUPPORT OF LEAD PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT; Case No. 19-cv-04801-JST

6

SCS will transmit the Postcard Notice via U.S. Mail to every name it receives from third party data sources and provide decks of Postcard Notices to nominees who, themselves, distribute the Postcard directly to those in their databases who may be part of the Settlement Class. *See* Mulholland Decl. at ¶¶4, 6, 8-9; Long Notice at p. 13. SCS will also print a number of Long Notices, sending copies to any putative Settlement Class Member who requests it. *See* Postcard Notice. SCS will publish the Summary Notice, linking it to NetApp's ticker symbol and causing it to appear on countless news and investing websites. *See* Mulholland Decl. at ¶¶4, 11.

Below is suggested language for inclusion in class notices:

This notice summarizes the proposed settlement. For the precise terms and conditions of the settlement, please see the settlement agreement available at www._____.com, by contacting class counsel at _____, by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, *[insert appropriate Court location here]*, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.

Plaintiff has adapted the suggested language to the circumstances of this case. *See* Long Notice at ¶19.

4) OPT-OUTS—The notice should instruct class members who wish to opt out of the settlement to send a letter, setting forth their name and information needed to be properly identified and to opt out of the settlement, to the settlement administrator and/or the person or entity designated to receive opt outs. It should require only the information needed to opt out of the settlement and no extraneous information. The notice should clearly advise class members of the deadline, methods to opt out, and the consequences of opting out.

The Long Notice explains with precision the method and deadline for Settlement Class Members to request exclusion from the Settlement Class, requiring no extraneous information. *See* Long Notice at p. 2, ¶¶10-12, 15. *See also* Summary Notice at p. 2; Postcard Notice; Motion at 22-23; Goldberg Decl. at ¶¶44-45.

SUPPLEMENTAL MEMORANDUM IN FUTHER SUPPORT OF LEAD PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT; Case No. 19-cv-04801-JST

7

5) OBJECTIONS—Objections must comply with Federal Rule of Civil Procedure 23(e)(5). The notice should instruct class members who wish to object to the settlement to send their written objections only to the court. All objections will be scanned into the electronic case docket and the parties will receive electronic notices of filings. The notice should make clear that the court can only approve or deny the settlement and cannot change the terms of the settlement. The notice should clearly advise class members of the deadline for submission of any objections.

Below is suggested language for inclusion in class notices:

"You can ask the Court to deny approval by filing an objection. You can't ask the Court to order a different settlement; the Court can only approve or reject the settlement. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue. If that is what you want to happen, you must object.

Any objection to the proposed settlement must be in writing. If you file a timely written objection, you may, but are not required to, appear at the Final Approval Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney. All written objections and supporting papers must (a) clearly identify the case name and number ( _____ v. _____, Case Number _____), (b) be submitted to the Court either by mailing them to the Class Action Clerk, United States District Court for the Northern District of California, *[insert appropriate Court location here]*, or by filing them in person at any location of the United States District Court for the Northern District of California, and (c) be filed or postmarked on or before _____."

The Postcard Notice summarizes the right either to opt-out from or to object to the Settlement, providing deadlines for both and referring any interested Settlement Class Member to the Long Notice and informing Settlement Class Members of five (5) means of receiving the Long Notice. *See* Postcard Notice. The Long Notice instructs putative class members how to opt out of or exclude the Settlement, the required information to include in a request to do either, and the deadlines either to opt-out from or to object to the Settlement. *See* Long Notice at ¶¶10, 12, 14-17. Indeed, the Long Notice includes the suggested language above, offering more detail as to the information any objector should include in a written objection, tailored to the facts of this settlement. Long Notice ¶14; *see also* Summary Notice at 2-3; Motion at 22-23.

6) ATTORNEYS' FEES—The court will not approve a request for attorneys' fees until the final approval hearing, but class counsel should include information about the fees they intend to request and their lodestar calculation in the motion for preliminary approval. In a common fund case, the parties should include information about the relationship among the amount of the award, the

SUPPLEMENTAL MEMORANDUM IN FUTHER SUPPORT OF LEAD PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT; Case No. 19-cv-04801-JST

8

amount of the common fund, and counsel's lodestar calculation. To the extent counsel base their fee request on having obtained injunctive relief and/or other non-monetary relief for the class, counsel should discuss the benefit conferred on the class. Counsel's lodestar calculation should include the total number of hours billed to date and the requested multiplier, if any. Additionally, counsel should state whether and in what amounts they seek payment of costs and expenses, including expert fees, in addition to attorneys' fees.

Plaintiff has included the suggested information about the attorneys' fees in his Motion. *See* Motion at 21-25; *see also* Long Notice at 1; Goldberg Decl. at ¶¶47-50.

Additional Information- 516.35 total billed hours made up the lodestar of $411,798. The information was compiled as of September 22, 2021.

7) INCENTIVE AWARDS—Judges in this district have different perspectives on extra payments to named plaintiffs or class representatives that are not made available to other class members. Counsel seeking approval of incentive awards should consult relevant prior orders by the judge reviewing the request. The court will not approve a request for incentive awards until the final approval hearing, but the parties should include information about the incentive awards they intend to request as well as the evidence supporting the awards in the motion for preliminary approval. The parties should ensure that neither the size nor any conditions placed on the incentive awards undermine the adequacy of the named plaintiffs or class representatives. In general, unused funds allocated to incentive awards should be distributed to the class pro rata or awarded to *cy pres* recipients.

The Postcard Notice and the Long Notice include information about the compensatory award the Lead Plaintiff intends to seek. *See* Postcard Notice; Long Notice at 1. Plaintiffs describes these representations in his Motion, at p. 25 and in the Goldberg Decl., at ¶50.

Additional Information- Lead Plaintiff read and discussed with his counsel the Lead Plaintiff motion and the operative complaint, discussed with his counsel Defendants' motion to dismiss, approved the filing of the Notice of Appeal, approved proceeding to mediation, guided the mediation, and approved the settlement amount.

8) CY PRES AWARDEES—If the settlement contemplates a cy pres award, the parties should identify their chosen cy pres recipients, if any, and how those recipients are related to the subject matter of the lawsuit and the class members. The parties should also identify any relationship they or their counsel have with the proposed cy pres recipients. In general, unused funds allocated to attorneys' fees, incentive awards, settlement administration fees and payments to class members should be distributed to the class pro rata or awarded to cy pres recipients.

SUPPLEMENTAL MEMORANDUM IN FUTHER SUPPORT OF LEAD PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT; Case No. 19-cv-04801-JST

9

At the time he moves for distribution of the Settlement to the Settlement Class, Plaintiff will seek Court approval for a *cy pres* award to the Investor Justice and Education Clinic (IJEC) at Howard University.[2] *See* Stipulation at ¶7.5; *see also* Motion at p. 20; Goldberg Decl. at ¶¶51-55.

Additional Information- Neither Plaintiff, nor his counsel, nor SCS has any relationship with proposed *cy pres* recipient IJEC.

9) TIMELINE——The parties should ensure that class members have at least thirty-five days to opt out or object to the settlement and the motion for attorney's fees and costs.

The Settlement provides Settlement Class Members with more than thirty-five (35) days to request exclusion from the Settlement Class or to object to the Settlement. *See* Goldberg Decl. at ¶57; [Proposed] Order Preliminarily Approving Settlement and Providing for Notice, (ECF No. 65-1) ("Proposed Preliminary Approval Order"), at ¶¶21-24 (exclusion) and ¶¶25-26 (objection); *see also* Long Notice at ¶10 (exclusion) and ¶¶14-15 (objection and exclusion).

10) CLASS ACTION FAIRNESS ACT (CAFA)——The parties should address whether CAFA notice is required and, if so, when it will be given. In addition, the parties should address substantive compliance with CAFA. For example, if the settlement includes coupons, the parties should explain how the settlement complies with 28 U.S.C. § 1712.

Defendants' counsel has represented that on October 1, 2021, it transmitted CAFA Notices as the Class Action Fairness Act requires. *See* Goldberg Decl. at ¶60; Stipulation at ¶¶2.8-2.9.

11) PAST DISTRIBUTIONS——Lead class counsel should provide the following information for at least one of their past comparable class settlements *(i.e.*, settlements involving the same or similar clients, claims, and/or issues):

   a. The total settlement fund, the total number of class members, the total number of class members to whom notice was sent, the method(s) of notice, the number and percentage of claim forms submitted, the average recovery per class member or claimant, the amounts distributed to each cy pres recipient, the administrative costs, and the attorneys' fees and costs.

Pursuant to the guidelines, Plaintiff provides this information in the Goldberg Decl. *See* Goldberg Decl. at ¶61.

---

[2] *http://law.howard.edu/content/investor-justice-and-education-clinic-ijec*

SUPPLEMENTAL MEMORANDUM IN FUTHER SUPPORT OF LEAD PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT; Case No. 19-cv-04801-JST

10

b.    In addition to the above information, where class members are entitled to non-monetary relief, such as discount coupons or debit cards or similar instruments, the number of class members availing themselves of such relief and the aggregate value redeemed by the class members and/or by any assignees or transferees of the class members' interests. Where injunctive and/or other non-monetary relief has been obtained, discuss the benefit conferred on the class.

N/A

12) ELECTRONIC VERSIONS—Electronic versions (Microsoft Word or WordPerfect) of all proposed orders and notices should be submitted to the presiding judge's Proposed Order (PO) email address when filed. Most judges in this district use Microsoft Word, but counsel should check with the individual judge's Courtroom Deputy.

Additional Information- On September 24, 2021, Plaintiff's counsel emailed to chambers a Microsoft Word version of the Proposed Preliminarily Approval Order. On February 15, 2022, Plaintiff's counsel emailed to chambers Microsoft Word versions of the Long Notice, Summary Notice, and Postcard Notice.

Dated: February 18, 2022                Respectfully submitted,

**THE ROSEN LAW FIRM, P.A**.

By: */s/ Jacob A. Goldberg*
Jacob A. Goldberg (*pro hac vice*)
Gonen Haklay
101 Greenwood Avenue, Suite 440
Jenkintown, PA 19046
Telephone: (215) 600-2817
Facsimile: (212) 202-3827
Email: jgoldberg@rosenlegal.com
Email: ghaklay@rosenlegal.com

and

Laurence M. Rosen, Esq. (SBN 219683)
355 S. Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Lead Counsel for Lead Plaintiff and the Class*

---

SUPPLEMENTAL MEMORANDUM IN FUTHER SUPPORT OF LEAD PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT; Case No. 19-cv-04801-JST

11

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 18, 2022, I electronically filed the foregoing *Supplemental Memorandum in Further Support of Lead Plaintiff's Unopposed Motion for Preliminary Approval of Settlement* Clerk of Court using the CM/ECF system, which will send notification of such to all CM/ECF participants.

**THE ROSEN LAW FIRM, P.A.**

By: /s/ *Jacob A. Goldberg*
Jacob A. Goldberg
101 Greenwood Avenue, Suite 440
Jenkintown, PA 19046
Telephone: (215) 600-2817
jgoldberg@rosenlegal.com

***Lead Counsel for Lead Plaintiff and the Class***

SUPPLEMENTAL MEMORANDUM IN FUTHER SUPPORT OF LEAD PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT; Case No. 19-cv-04801-JST

12