# EXHIBIT 1

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

CHAD C. SMITH, Individually and on behalf of all others similarly situated,

      Plaintiff,

      v.

NETAPP, INC., et al.

      Defendants.

:
:
:
:
:
:
:
:
:
:
:
:
:

Case No. 4:19-cv-04801-JST

**DECLARATION OF PAUL MULHOLLAND CONCERNING: (A) MAILING OF THE POSTCARD NOTICE; (B) PUBLICATION OF THE SUMMARY NOTICE; (C) REPORT ON REQUESTS FOR EXCLUSION AND OBJECTIONS; (D) STATUS OF CLAIM FORMS RECEIVED; AND (E) TIMELINE OF ADMINISTRATION PROCESS**

I, Paul Mulholland, declare as follows:

1.     I am the President of Strategic Claims Services ("SCS"), a nationally recognized class action administration firm. I have over thirty years of experience specializing in the administration of class action cases. SCS was established in April 1999 and has administered over five hundred (500) class action cases since its inception. Pursuant to the Court's Order Preliminarily Approving Settlement and Providing for Notice as Modified, dated May 3, 2022 ("Preliminary Approval Order"), SCS was appointed and approved as the Claims Administrator in connection with the Settlement of the above-captioned action.[1] (Dkt. No. 70). I submit this declaration in order to provide the Court and the Parties information regarding the mailing of the Postcard Notice and emailing of links to the Long Notice to potential Settlement Class Members, as well as updates concerning other aspects of the Settlement administration process. I have

---

[1] All capitalized terms used herein that are not otherwise defined have the meanings ascribed to them in the Stipulation of Settlement dated September 21, 2021 (Dkt. No. 66-1) (the "Stipulation").

personal knowledge of the facts set forth herein, and if called on to do so, I could and would testify competently thereto.

## MAILING OF POSTCARD NOTICE

2.     Pursuant to the Preliminary Approval Order, to provide actual notice to those persons and entities that purchased or acquired NetApp, Inc. ("NetApp") publicly traded securities ("Stock") from May 23, 2019 through August 1, 2019, both dates inclusive ("Settlement Class Period"), SCS printed and mailed the Postcard Notice to potential members of the Settlement Class. A true and correct copy of the Postcard Notice is attached as **Exhibit A**.

3.     SCS sent the Depository Trust Company ("DTC") a Notice of Pendency and Proposed Settlement of Class Action ("Long Notice") and Proof of Claim and Release Form ("Proof of Claim") (collectively, the "Long Notice and Proof of Claim") for the DTC to publish on its Legal Notice System ("LENS") on May 20, 2022. LENS provides DTC participants the ability to search and download legal notices as well as receive e-mail alerts based on particular notices or particular CUSIPs once a legal notice is posted. A copy of the Long Notice and Proof of Claim is attached as **Exhibit B**.

4.     As in most class actions of this nature, the large majority of potential Settlement Class Members are expected to be beneficial purchasers whose securities are held in "street name" — *i.e.,* the securities are purchased by brokerage firms, banks, institutions and other third-party nominees in the name of the nominee, on behalf of the beneficial purchasers. The names and addresses of these beneficial purchasers are known only to the nominees. SCS maintains a proprietary master list consisting of 878 banks and brokerage companies ("Nominee Account Holders"), as well as 1,048 mutual funds, insurance companies, pension funds, and money managers ("Institutional Groups"). On May 20, 2022, SCS caused a letter to be mailed or e-

mailed to the 1,926 nominees contained in the SCS master mailing list. The letter notified them of the Settlement and requested that they, within 10 calendar days from the date of the letter, either request copies of the Postcard Notice or email the link to the location of Long Notice and Proof of Claim to their customers who may be beneficial purchasers/owners or provide SCS with a list of the names, mailing addresses, and email addresses of such beneficial purchasers/owners so that SCS could promptly mail Postcard Notice or email the link to the Long Notice and Proof of Claim directly to them. A copy of the letter sent to these nominees is attached as **Exhibit C.**

5.     SCS mailed, by first class mail, postage prepaid, the Postcard Notice to 24 individuals and organizations identified in the transfer records which were provided to SCS by Lead Counsel. These records reflect persons and entities that purchased NetApp securities for their own account, or for the account(s) of their clients, during the Class Period. Following this mailing, SCS received 21,978 additional names and addresses of potential Settlement Class Members from individuals or nominees requesting that a Postcard Notice be mailed by SCS, SCS received 15,624 requests from nominees for Postcard Notices so that the nominees could forward them to their customers, and SCS was notified by a nominee that they mailed 1,694 Postcard Notices to their customers. To date, 39,320 Postcard Notices were mailed to potential Settlement Class Members.

6.     Additionally, SCS was provided an email address by Lead Counsel to email the Long Notice and Proof of Claim link, and SCS was notified by one of the nominees that they emailed 8,625 of their customers to notify them of this settlement and provide a direct link to the Long Notice and Proof of Claim. To date, 8,626 emails were sent to potential Settlement Class Members.

7.    In total 47,946 potential Settlement Class Members were notified either by mailed Postcard Notice or emailed a direct link to the Long Notice and Proof of Claim.[2]

8.    Out of the 39,320 Postcard Notices mailed, 798 Postcard Notices were returned as undeliverable. Of the 798 returned, 43 were returned with a forwarding address provided by the United States Postal Service, and SCS immediately mailed another Postcard Notice to the forwarding address. A skip trace was run using Experian for the remaining 755 returned Postcard Notices to obtain updated addresses. SCS received 262 updated addresses from the skip trace efforts and mailed out another Postcard Notice to the updated addresses.

## PUBLICATION OF THE SUMMARY NOTICE

9.    Pursuant to the Preliminary Approval Order, the Summary Notice was published electronically once on the *Globe Newswire* and in print once in the *Investor's Business Daily* on June 6, 2022 as shown in the confirmations of publications attached hereto as **Exhibit D.**

## TOLL-FREE PHONE LINE

10.    SCS maintains a toll-free telephone number (1-866-274-4004) for potential Settlement Class Members to call and obtain information about the Settlement as well as request a Long Notice and Proof of Claim. SCS has promptly responded to each telephone inquiry and will continue to address Settlement Class Member inquiries.

## SETTLEMENT WEBPAGE

11.    On May 19, 2022, SCS established a webpage on its website at www.strategicclaims.net/NetApp/. The webpage is accessible 24 hours a day, 7 days a week. The webpage contains the current status of this case; the case deadlines; the online claim filing link;

---

[2] SCS received 17 requests for the Long Notice and Proof of Claim to be mailed to potential Settlement Class Members from the Postcard Notice mailing. SCS immediately mailed out the Long Notice and Proof of Claim for these requests.

4

and important documents such as the Long Notice and Proof of Claim, the Preliminary Approval Order, and the Stipulation with exhibits.

## REPORT ON EXCLUSIONS AND OBJECTIONS

12.     The Postcard Notice, Long Notice, Summary Notice, and the settlement webpage informed potential Settlement Class Members that written requests for exclusion are to be mailed to SCS such that they are received no later than August 11, 2022. SCS has monitored all mail delivered for this case. To date, SCS has received one exclusion request. Though the exclusion request contained all of the information required under the Preliminary Approval Order, the person requesting exclusion also included information that they had not purchased or sold NetApp stock during the Class Period. **Exhibit E** is a copy of the exclusion request letter.

13.     According to the Long Notice, Settlement Class Members seeking to object to any part of the Settlement, or Lead Counsel's motion for attorneys' fees and expenses and application for a Compensatory Award to Lead Plaintiff, must be submitted to the Clerk of the Court, such that they are filed or received on or before August 11, 2022. As of the date of this Declaration, SCS has not received and SCS has not been notified of any objections.

## CLAIM FORM FILING STATUS

14.     As of the date of this Declaration, SCS has received 6,809 claims. The Preliminary Approval Order requires that claims be postmarked or submitted online no later than August 2, 2022. Below is a preliminary estimate of the total recognized losses to date. The numbers below do not include any adjustments as a result of SCS's quality assurance process, which includes the results of the cure/rejection process:

| Type of Claims | Number of Claims | Recognized Losses | Damaged Shares |
|---|---|---|---|
| Valid | 1,307 | $39,595,120 | 5,364,828 |
| Deficient Claims with limited proof | 32 | $564,512 | 76,487 |
| Rejected (no losses/gains/wrong stock) | 5,470 | n/a | n/a |
| | | | |
| TOTALS: | 6,809 | $40,159,632 | 5,441,315 |

## TIMELINE OF ADMINISTRATION PROCESS

15.     The following is an estimated timeline of the complete administration process, based on an assumption that the Court will issue Final Approval on the September 1, 2022 hearing date:

| Date | Description |
|---|---|
| August 2, 2022 | Claims Filing Deadline (submitted either postmarked or electronic) |
| August 23, 2022 | Final Cutoff of Claims Received (This allows all timely postmarked claims to be received.) |
| September 1, 2022 | Final Approval Issued by the Court |
| September 9, 2022 | Initial Processing of Claims Complete |
| September 12, 2022 | Mailing and/or Emailing of Deficiency Notices |
| September 22, 2022 | Deadline to Respond to Deficiency Notices |
| September 29, 2022 | Responses of Deficiency Notices Processed |
| September 30, 2022 | Mailing and/or Emailing of Ineligibility Notices |
| October 10, 2022 | Deadline to Respond to Ineligibility Notices |
| October 17, 2022 | Responses of Ineligibility Notices Processed |
| October 18, 2022 | Begin the Quality Assurance and Audit Process |
| October 24, 2022 | Quality Assurance and Audit in Process such as Duplicate Check, Price Per Share Check, Top Claim Check, Ineligible Share Check, Fraud Check, Exclusion Check, Objection Check (if any), Defendant Check, and Lead Plaintiff Check, etc... |

DECLARATION OF PAUL MULHOLLAND, Case No. 4:19-cv-04801-JST

| Date | Description |
|---|---|
| October 31, 2022 | Continue the Quality Assurance and Audit Process such as Duplicate Check, Price Per Share Check, Top Claim Check, Ineligible Share Check, Fraud Check, Exclusion Check, Objection Check (if any), Defendant Check, and Lead Plaintiff Check, etc... |
| November 7, 2022 | Continue the Quality Assurance and Audit Process such as Duplicate Check, Price Per Share Check, Top Claim Check, Ineligible Share Check, Fraud Check, Exclusion Check, Objection Check (if any), Defendant Check, and Lead Plaintiff Check, etc... |
| November 14, 2022 | Quality Assurance and Audit Complete |
| November 18, 2022 | Final Ineligibility Notices Mailed and/or Emailed due to the Quality Assurance Process and Audit |
| November 28, 2022 | Deadline for Final Ineligibility Notices |
| December 1, 2022 | Draft of Distribution Declaration provided to Lead Counsel |
| December 2, 2022 | Finalize Distribution Declaration |
| December 5, 2022 | Motion for Distribution Filed |
| December 6, 2022 | Court Issues Distribution Order |
| January 6, 2023 (or 30 days after Distribution Order signed) | Distribution of Net Settlement Fund |

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 28th day of July, in Media, Pennsylvania.

Paul Mulholland

DECLARATION OF PAUL MULHOLLAND, Case No. 4:19-cv-04801-JST

# EXHIBIT A

NetApp, Inc. Securities Litigation
c/o Strategic Claims Services
600 N. Jackson Street, Suite 205
Media, PA 19063

**Court-Ordered Legal Notice**

**Forwarding Service Requested**

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

*This Notice may affect your legal rights.*

*You may be entitled to a payment from this securities class action settlement.*

*Please read it carefully.*

There has been a proposed Settlement of all claims against NetApp, Inc. ("NetApp") and three of its current and/or former officers (collectively, "Defendants"). The Settlement resolves a lawsuit in the United States District Court for the Northern District of California ("Court") in which Plaintiff alleges that, in violation of the federal securities laws, Defendants made public statements at certain times in 2019 that were materially false and misleading or omitted material information, causing damages to persons who purchased or otherwise acquired NetApp securities. Defendants deny any wrongdoing.

You received this Notice because you or someone in your family or household may have purchased or otherwise acquired NetApp common stock during the period between May 23, 2019 and August 1, 2019, both dates inclusive ("Settlement Class Period"). The Settlement provides that, in exchange for the dismissal of this action and release of claims known and unknown against Defendants, Defendants will pay or cause to be paid into a settlement fund $2,250,000 in cash ("Settlement Fund"). The Settlement Fund, less attorneys' fees and expenses and a compensatory award to the Lead Plaintiff, will be divided among all Settlement Class Members who submit a valid Proof of Claim and Release Form ("Proof of Claim"). For a full description of the Settlement, your rights, and how to make a claim, please view the Stipulation of Settlement and Notice of Pendency and Proposed Settlement of Class Action ("Notice") at www.strategicclaims.net/NetApp/ and please request a copy of the Notice and Proof of Claim by contacting the Claims Administrator in any of the following ways: (1) by mail: NetApp, Inc. Securities Litigation, c/o Strategic Claims Services, 600 N. Jackson St., Ste. 205, P.O. Box 230, Media, PA 19063; (2) by phone: toll free, (866) 274-4004; (3) by fax: (610) 565-7985; (4) by email: info@strategicclaims.net; or (5) by visiting the website: www.strategicclaims.net/NetApp/.

To qualify for payment, you must submit a Proof of Claim to the Claims Administrator. PROOFS OF CLAIM ARE DUE BY AUGUST 2, 2022 TO: *NETAPP, INC. SECURITIES LITIGATION, C/O STRATEGIC CLAIMS SERVICES. P.O. BOX 230, 600 N. JACKSON STREET, SUITE 205, MEDIA, PA 19063, OR SUBMITTED ONLINE AT WWW.STRATEGICCLAIMS.NET/NETAPP/.* **If you DO NOT want to be legally bound by the Settlement, you must exclude yourself from the Settlement Class by August 11, 2022 or you will not be able to sue the Defendants about the legal claims in this case. If you exclude yourself, you cannot get money from this Settlement. If you stay in the Settlement, you may object to it by August 11, 2022. The Notice and Stipulation of Settlement explain how to opt-out or to object.**

The Court will hold a hearing in this case on September 1, 2022, at 2:00 p.m., PDT, via Zoom, with the link available at https://cand.uscourts.gov/judges/tigar-jon-s-jst/, to consider whether to approve the Settlement, the Plan of Allocation, a request for attorneys' fees of up to 25%, plus actual expenses of up to $25,000 for litigating the case and negotiating the Settlement, and a compensatory award to Plaintiff not to exceed $2,000 ("Final Approval Hearing"). You may attend the hearing via Zoom and ask to be heard by the Court, but you do not have to. The Court reserves the right to hold the Final Approval Hearing telephonically or by other virtual means. For more information, call toll-free (866) 274-4004, or visit the website, www.strategicclaims.net/NetApp/.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| CHAD C. SMITH, Individually and on behalf of all others similarly situated, | : : : | |
| Plaintiff, | : : | Case No. 4:19-cv-04801-JST |
| v. | : : : | |
| NETAPP, INC., et al. | : : | |
| Defendants. | : | |

**NOTICE OF PENDENCY AND**
**PROPOSED SETTLEMENT OF CLASS ACTION**

If you purchased or otherwise acquired the publicly traded securities ("Stock") of NetApp, Inc. ("NetApp" or the "Company") between May 23, 2019 and August 1, 2019, both dates inclusive ("Settlement Class Period"), you could get a payment from a class action settlement (the "Settlement").

*A federal court has authorized this notice. This is not a solicitation from a lawyer.*

- If approved by the Court, the Settlement will provide $2,250,000 plus interest (the "Settlement Amount"), to pay claims of investors who purchased NetApp Stock during the period between May 23, 2019 and August 1, 2019, both dates inclusive, and were damaged thereby.
- The Settlement represents an estimated average recovery of $.08 per Plaintiff's estimate of damaged share of NetApp Stock. This is not an estimate of the actual recovery per share you should expect. Your actual recovery will depend on the aggregate losses of all Settlement Class Members, the date(s) you purchased and sold NetApp Stock, and the total number of claims filed.
- Attorneys for Lead Plaintiff ("Lead Counsel") intend to ask the Court to award them fees of up to $562,500 or twenty-five percent (25%) of the Settlement Amount, reimbursement of litigation expenses of no more than $25,000, and a Compensatory award to Plaintiff for his representation of the Settlement Class, not to exceed $2,000. If approved by the Court, these amounts will be paid from the Settlement Fund.
- If the above amounts are requested and approved by the Court, the average cost per share of Stock will be approximately $.02 per estimated damaged share, making the estimated recovery per estimated damaged share after fees and expenses approximately $.06. This estimate is based on the assumptions set forth in the preceding paragraph. Your actual recovery, if any, will vary depending on your purchase price and sales price, and the number and amount of claims filed.
- The Settlement resolves the lawsuit concerning allegations that NetApp and certain of NetApp's current and/or former executive officers made false and misleading statements, in violation of federal securities laws, based upon the allegations set forth in the Amended Class Action Complaint for Violations of the Federal Securities Laws ("Amended Complaint"), including that Defendants knowingly issued a false revenue forecast and warned hypothetically about negative financial consequences of its largest customers pushing out or reducing their purchases when the largest customers were already doing so. Defendants deny any wrongdoing.

- Your legal rights will be affected whether you act or do not act. If you do not act, you may permanently forfeit your right to recover on this claim. Therefore, you should read this notice carefully.

### YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT

| | |
|---|---|
| **SUBMIT A CLAIM FORM NO LATER THAN AUGUST 2, 2022** | The only way to get a payment. |
| **EXCLUDE YOURSELF NO LATER THAN AUGUST 11, 2022** | Get no payment. This is the only option that allows you to be part of any other lawsuit against the Defendants about the legal claims in this case. |
| **OBJECT NO LATER THAN AUGUST 11, 2022** | Write to the Court about why you do not like the settlement. |
| **ATTEND A ZOOM HEARING ON SEPTEMBER 1, 2022** **https://cand.uscourts.gov/tigar-jon-s-jst/.** | You may ask to speak in Court about the fairness of the Settlement. |
| **DO NOTHING** | Get no payment. Give up rights. |

### INQUIRIES

**Please do not contact the Court regarding this notice.** All inquiries concerning this Notice, the Proof of Claim form, or any other questions by Class Members should be directed to:

| | | |
|---|---|---|
| NetApp Inc. Securities Litigation c/o Strategic Claims Services P.O. Box 230 600 N. Jackson Street, Suite 205 Media, PA 19063 Tel.: 866-274-4004 Fax: 610-565-7985 info@strategicclaims.net | **or** | Jacob A. Goldberg, Esq. THE ROSEN LAW FIRM, P.A. 101 Greenwood Avenue, Suite 440 Jenkintown, PA 19046 Tel.: 215-600-2817 Fax: 212-202-3827 jgoldberg@rosenlegal.com |

### DEFINITIONS

All capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation of Settlement, dated September 21, 2021 (the "Stipulation").

### COMMON QUESTIONS AND ANSWERS CONCERNING THE SETTLEMENT

1.     **Why did I get this Notice?**

You or someone in your family may have acquired NetApp Stock during the Settlement Class Period.

-2-

**2.    What is this lawsuit about?**

The case is known as *Smith v. NetApp, Inc.*, *et al.*, Case No. 4:19-cv-04801-JST (the "Action"), and the court in charge of the case is the United States District Court for the Northern District of California (the "Court").

The Action involves allegations that Defendants violated the federal securities laws because the Company allegedly made false and misleading statements to the investing public as set out in the Amended Complaint, including that Defendants knowingly issued a false revenue forecast and warned hypothetically about negative financial consequences of its largest customers pushing out or reducing their purchases when the largest customers were already doing so. Defendants deny any wrongdoing. The Settlement resolves all of the claims in the Action against Defendants.

**3.    Why is this a class action?**

In a class action, one or more persons and/or entities, called plaintiffs, sue on behalf of all persons and/or entities who have similar claims. All of these persons and/or entities are referred to collectively as a class, and these individual persons and/or entities are known as class members. One court resolves all of the issues for all class members, except for those class members who validly exclude themselves from the class.

**4.    Why is there a Settlement?**

Lead Plaintiff and Defendants do not agree regarding the merits of Lead Plaintiff's allegations with respect to liability or the average amount of damages per share that would be recoverable if Lead Plaintiff was to prevail at trial on each claim. The issues on which the Lead Plaintiff and Defendants disagree include: (1) whether Defendants made materially false and misleading statements; (2) whether Defendants made these statements with the intent to defraud the investing public; (3) whether the statements were the cause of the Settlement Class Members' alleged damages; and (4) the amount of damages, if any, suffered by the Settlement Class Members.
This matter has not gone to trial and the Court has not decided in favor of either Lead Plaintiff or Defendants. Instead, Lead Plaintiff and Defendants have agreed to settle the Action. The Lead Plaintiff and Lead Counsel believe the settlement is best for all Settlement Class Members because of the risks associated with continued litigation and the nature of the defenses raised by Defendants. Even if Lead Plaintiff were to win at trial, and also withstood Defendants' inevitable challenge on appeal, Lead Plaintiff might not be able to collect some, or all, of the judgment.

**5.    How do I know if I am part of the Settlement?**

To be a Settlement Class Member, you must have purchased NetApp Stock during the period between May 23, 2019 and August 1, 2019, both dates inclusive.

**6.    Are there exceptions to being included?**

Yes. Excluded from the Settlement Class are (i) persons who suffered no compensable losses; (ii) persons who validly exclude themselves from the Settlement Class, as described below; (iii) Defendants, the officers and directors of NetApp, members of the Individual Defendants' immediate families and their legal representatives, heirs, successors, or assigns and any entity in which the Individual Defendants have or had a controlling interest.

**7.    I am still not sure whether I am included.**

If you are still not sure whether you are included, you can ask for free help. For more information, you can contact the Claims Administrator, Strategic Claims Services, by phone at (866) 274-4004 or by facsimile at (610) 565-7985, visit the website www.strategicclaims.net/NetApp/, or fill out and return the Proof of Claim described in Question 9, to see if you qualify.

-3-

8.    **What does the Settlement provide?**

    (a)    **What is the Settlement Fund?**

The proposed Settlement calls for the creation of a Settlement Fund (the "Settlement Fund") in the amount of $2,250,000. The Settlement is subject to Court approval. Also, subject to the Court's approval, a portion of the Settlement Fund will be used to pay Lead Counsel's attorneys' fees and reasonable litigation expenses and any Compensatory Award to Plaintiff for reimbursement of reasonable costs and expenses (including lost wages) directly relating to their representation of the Settlement Class. A portion of the Settlement Fund also will be used to pay taxes due on interest earned by the Settlement Fund, if necessary, and any notice and claims administration expenses permitted by the Court. After the foregoing deductions from the Settlement Fund have been made, the amount remaining (the "Net Settlement Fund") will be distributed to Settlement Class Members who submit valid claims.

    (b)    **What can I expect to receive under the proposed Settlement?**

Your share of the Net Settlement Fund will or may depend on: (i) the number of claims filed; (ii) the dates you purchased and sold NetApp Stock; (iii) the prices of your purchases and sales; (iv) the amount of administrative costs, including the costs of notice; and (v) the amount awarded by the Court to Lead Plaintiff and Lead Counsel for attorneys' fees, costs, and expenses.

The Claims Administrator will determine each Settlement Class Member's *pro rata* share of the Net Settlement Fund based upon each Settlement Class Member's "Recognized Loss." The Recognized Loss formula is not intended to be an estimate of the amount that a Settlement Class Member might have been able to recover after a trial; it also is not an estimate of the amount that will be paid to Authorized Claimants pursuant to the Settlement. The Recognized Loss formula is the basis upon which the Net Settlement Fund will be proportionately allocated to the Settlement Class Members with valid claims.

The Net Settlement Fund will be distributed to Settlement Class Members who submit valid, timely claim forms ("Authorized Claimants") under the below Plan of Allocation, which reflects Lead Plaintiff's contention that because of the alleged misrepresentations and omissions made by Defendants, the price of NetApp Stock was artificially inflated during the Settlement Class Period and that disclosure of the true facts caused changes in the inflated stock price. Defendants have denied and continue to deny these allegations and any and all allegations of wrongdoing, fault, liability or damage whatsoever asserted in the Action.

**<u>PROPOSED PLAN OF ALLOCATION OF THE NET SETTLEMENT FUND</u>**

    The Plan of Allocation is a matter separate and apart from the proposed Settlement, and any decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of the proposed Settlement. The Court may approve the Plan of Allocation with or without modifications agreed to among the Parties, or another plan of allocation, without further notice to Settlement Class Members. Any orders regarding a modification of the Plan of Allocation will be posted to the Claims Administrator's website, www.strategicclaims.net/NetApp/.

    The Claims Administrator shall determine the *pro rata* share of the Net Settlement Fund of each Authorized Claimant based upon each Authorized Claimant's Recognized Loss. **<u>Please Note</u>**: The Recognized Loss formula, set forth below, is not intended to be an estimate of the amount of what a Settlement Class Member might have been able to recover after a trial, nor is it an estimate of the amount that will be paid to Authorized Claimants pursuant to the Settlement. The Recognized Loss formula is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants. To the extent there are sufficient funds in the Net Settlement Fund, each Authorized Claimant will receive

-4-

an amount equal to the Authorized Claimant's Recognized Loss and subject to the provisions in the following paragraphs. If, however, the amount in the Net Settlement Fund is not sufficient to permit payment of the total Recognized Loss of each Authorized Claimant, then each Authorized Claimant shall be paid the percentage of the Net Settlement Fund that each Authorized Claimant's Recognized Loss bears to the total Recognized Losses of all Authorized Claimants and subject to the provisions in the following paragraphs (*i.e.*, "*pro rata* share"). Payment in this manner shall be deemed conclusive against all Authorized Claimants. No distribution will be made on a claim where the potential distribution amount is less than ten dollars ($10.00) in cash.

If any funds remain in the Net Settlement Fund by reason of uncashed checks, or otherwise, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, then any balance remaining in the Net Settlement Fund six (6) months after the initial distribution of such funds shall be used: (i) first, to pay any amounts mistakenly omitted from the initial distribution to Authorized Claimants; (ii) second, to pay any additional Notice and Administration Costs incurred in administering the Settlement; and (iii) finally, to make a second distribution to Authorized Claimants who cashed their checks from the initial distribution and who would receive at least $10.00 from such second distribution, after payment of the estimated costs or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible. If six (6) months after such second distribution, if undertaken, or if such second distribution is not undertaken, any funds shall remain in the Net Settlement Fund after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in this Settlement cash their checks, any funds remaining in the Net Settlement Fund shall be donated to a non-profit charitable organization(s) selected by Lead Counsel.

### THE BASIS FOR CALCULATING YOUR RECOGNIZED LOSS:

Each Authorized Claimant shall be allocated a *pro rata* share of the Net Settlement Fund based on his, her, or its Recognized Loss as compared to the total Recognized Losses of all Authorized Claimants. Recognized Losses will be calculated as follows:

I)      For common shares purchased between May 23, 2019 and June 18, 2019, inclusive, the Recognized Loss shall be calculated as follows:

      A.  For shares retained at the end of trading on October 30, 2019, the Recognized Loss shall be 10% of the lesser of:
        (i)      $11.67 per share; or
        (ii)     the difference between the purchase price per share and $51.22 per share.[1]
      B.  For shares sold on or before August 1, 2019, the Recognized Loss per share shall be $0.
      C.  For shares sold between August 2, 2019 and October 30, 2019, inclusive, the Recognized Loss shall be 10% of the lesser of:
        i)       $11.67 per share; or
        ii)      the difference between the purchase price per share and the average closing price per share as of date of sale provided in Table A below.

---

[1] Pursuant to Section 21(D)(e)(1) of the Private Securities Litigation Reform Act of 1995, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated." $51.22 per share was the mean (average) daily closing trading price of the Company's common shares during the 90-day period beginning on August 2, 2019 and ending on October 30, 2019.

II)    For common shares purchased between June 19, 2019 and August 1, 2019, inclusive, the Recognized Loss shall be calculated as follows:

    A. For shares retained at the end of trading on October 30, 2019, the Recognized Loss shall be the lesser of:
        i)    $11.67 per share; or
        ii)    the difference between the purchase price per share and $51.22 per share.
    B. For shares sold on or before August 1, 2019, the Recognized Loss per share shall be $0.
    C. For shares sold between August 2, 2019 and October 30, 2019, inclusive, the Recognized Loss shall be the lesser of:
        i)    $11.67 per share; or
        ii)    the difference between the purchase price per share and the average closing price per share as of date of sale provided in Table A below.

| Table A | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Date | Closing Price | Average Closing Price | - | Date | Closing Price | Average Closing Price | Date | Closing Price | Average Closing Price |
| 8/2/2019 | $46.04 | $46.04 | | 9/3/2019 | $47.41 | $46.56 | 10/2/2019 | $51.38 | $50.17 |
| 8/5/2019 | $45.16 | $45.60 | | 9/4/2019 | $49.15 | $46.67 | 10/3/2019 | $51.42 | $50.20 |
| 8/6/2019 | $46.01 | $45.74 | | 9/5/2019 | $51.76 | $46.88 | 10/4/2019 | $52.06 | $50.24 |
| 8/7/2019 | $46.27 | $45.87 | | 9/6/2019 | $51.98 | $47.09 | 10/7/2019 | $52.03 | $50.28 |
| 8/8/2019 | $47.75 | $46.25 | | 9/9/2019 | $54.78 | $47.38 | 10/8/2019 | $50.56 | $50.28 |
| 8/9/2019 | $46.58 | $46.30 | | 9/10/2019 | $54.51 | $47.65 | 10/9/2019 | $51.37 | $50.31 |
| 8/12/2019 | $46.11 | $46.27 | | 9/11/2019 | $56.22 | $47.95 | 10/10/2019 | $49.78 | $50.30 |
| 8/13/2019 | $46.99 | $46.36 | | 9/12/2019 | $56.36 | $48.24 | 10/11/2019 | $51.49 | $50.32 |
| 8/14/2019 | $44.71 | $46.18 | | 9/13/2019 | $56.57 | $48.52 | 10/14/2019 | $52.20 | $50.36 |
| 8/15/2019 | $46.47 | $46.21 | | 9/16/2019 | $56.84 | $48.79 | 10/15/2019 | $53.04 | $50.41 |
| 8/16/2019 | $46.76 | $46.26 | | 9/17/2019 | $56.54 | $49.03 | 10/16/2019 | $53.22 | $50.46 |
| 8/19/2019 | $47.01 | $46.32 | | 9/18/2019 | $54.93 | $49.21 | 10/17/2019 | $54.02 | $50.53 |
| 8/20/2019 | $46.09 | $46.30 | | 9/19/2019 | $54.43 | $49.36 | 10/18/2019 | $53.49 | $50.58 |
| 8/21/2019 | $46.89 | $46.35 | | 9/20/2019 | $54.10 | $49.50 | 10/21/2019 | $54.57 | $50.65 |
| 8/22/2019 | $46.78 | $46.37 | | 9/23/2019 | $54.53 | $49.64 | 10/22/2019 | $55.18 | $50.73 |
| 8/23/2019 | $45.43 | $46.32 | | 9/24/2019 | $52.96 | $49.73 | 10/23/2019 | $56.01 | $50.82 |
| 8/26/2019 | $46.56 | $46.33 | | 9/25/2019 | $53.81 | $49.84 | 10/24/2019 | $55.45 | $50.90 |
| 8/27/2019 | $46.51 | $46.34 | | 9/26/2019 | $53.69 | $49.94 | 10/25/2019 | $56.01 | $50.99 |
| 8/28/2019 | $46.82 | $46.37 | | 9/27/2019 | $53.91 | $50.03 | 10/28/2019 | $55.86 | $51.07 |
| 8/29/2019 | $47.90 | $46.44 | | 9/30/2019 | $52.51 | $50.09 | 10/29/2019 | $55.47 | $51.14 |
| 8/30/2019 | $48.06 | $46.52 | | 10/1/2019 | $51.99 | $50.14 | 10/30/2019 | $56.37 | $51.22 |

To the extent a Claimant had a trading gain or "broke even" from his, her, or its overall transactions in NetApp shares during the Settlement Class Period, the value of the Recognized Loss will be zero and the Claimant will not be entitled to a share of the Net Settlement Fund. To the extent that a Claimant suffered a trading loss on his, her, or its overall transactions in NetApp shares during the Settlement Class Period, but that trading loss was less than the Recognized Loss calculated above, then the Recognized Loss shall be limited to the amount of the Claimant's actual trading loss.[2]

_____

[2] In order to determine the Claimant's overall trading loss, the Claims Administrator will calculate the total purchase cost of the NetApp common stock shares that the Claimant purchased during the Settlement Class Period, less the total amount received for any NetApp common stock shares that the Claimant sold between May 23, 2019 through and including October 30, 2019, and less the value of any NetApp common stock shares the Claimant held at the close of trading on October 30, 2019 (which

For purposes of calculating your Recognized Loss, the date of purchase, acquisition or sale is the "contract" or "trade" date and not the "settlement" or "payment" date. The receipt or grant by gift, inheritance or operation of law of NetApp shares shall not be deemed a purchase or acquisition of NetApp shares for the calculation of an Authorized Claimant's Recognized Loss. The covering purchase of a short sale is not an eligible purchase. Only publicly traded common shares are eligible purchases (Cusip number: 64110D104).

For purposes of calculating your Recognized Loss, all purchases, acquisitions and sales shall be matched on a First In First Out ("FIFO") basis in chronological order. Therefore, on the Proof of Claim and Release Form enclosed with this Notice, you must provide all of your purchases and acquisitions of NetApp common shares during the time period from May 23, 2019 through and including October 30, 2019.

Payment pursuant to the Plan of Allocation approved by the Court shall be conclusive against all Authorized Claimants. No person shall have any claim against Defendants, Defendants' Counsel, Lead Plaintiff, Lead Counsel, or the Claims Administrator or other agent designated by Lead Counsel based on the distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further orders of the Court. Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Proof of Claim and Release Form. All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted in connection with the Settlement, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, shall be released and discharged from any and all claims arising out of such involvement, and all Settlement Class Members, whether or not they are to receive payment from the Net Settlement Fund, will be barred from making any further claim against the Net Settlement Fund beyond the amount allocated to them as provided in any distribution orders entered by the Court.

**9.    How can I get a payment?**

To qualify for a payment, you must send in a form entitled "Proof of Claim and Release Form." This form is attached to this Notice. You may also obtain this form on the Internet at www.strategicclaims.net/NetApp/. Read the instructions carefully, fill out the form, sign it in the location indicated. The Proof of Claim and Release Form may be completed in two ways: (1) by completing and submitting it electronically at www.strategicclaims.net/NetApp/ by 11:59 p.m. EST on August 2, 2022; or (2) by mailing the claim form together with all documentation requested in the form, postmarked no later than August 2, 2022, to the Claims Administrator at:

NetApp, Inc. Securities Litigation
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson St., Ste. 205
Media, PA 19063
Fax: 610-565-7985
info@strategicclaims.net

The Claims Administrator will process your claim and determine whether you are an Authorized Claimant.

---

will be calculated with a value of $51.22 per share). Any shares held at the beginning of the Settlement Class Period and sold during the Settlement Class Period are not included in the calculation of the overall trading loss.

**10.    What am I giving up to get a payment or to stay in the Class?**

Unless you validly exclude yourself by the August 11, 2022 deadline, you will remain in the Settlement Class. That means that if the Settlement is approved, you and all Settlement Class Members and each of their respective parent entities, associates, affiliates, subsidiaries, predecessors, successors, assigns, attorneys, immediate family members, heirs, representatives, administrators, executors, devisees, legatees, and estates will release (agreeing never to sue, continue to sue, or be part of any other lawsuit) as against Defendants and other Released Parties any and all claims which arise out of, are based upon or relate in any way to the purchase or acquisition of NetApp Stock during the Settlement Class Period. It means that all of the Court's orders will apply to you and legally bind you. That means you will accept a share of the Net Settlement Fund as sole compensation for any losses you suffered in the purchase, acquisitions, sale or ownership of NetApp Stock during the Settlement Class Period. The specific terms of the release are included in the Stipulation.

**11.    How do I get out of the Settlement?**

If you do not want to receive a payment from this Settlement, and you want to keep any right you may have to sue or continue to sue Defendants on your own based on the legal claims raised in the Action, then you must take steps to get out of the Settlement. This is called excluding yourself from – or "opting out" of – the Settlement. To validly exclude yourself from the Settlement, you must mail a letter that legibly (A) indicates your full name, (B) states that you "request to be excluded from the Settlement Class in *Smith v. NetApp, Inc.*, *et al.*, Case No. 4:19-cv-04801-JST," and (C) contains your signature. You must mail your exclusion request, to be **received no later than August 11, 2022**, to the Claims Administrator at the following address:

NetApp, Inc. Securities Litigation
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson St., Ste. 205
Media, PA 19063

**You cannot exclude yourself by telephone or by e-mail**. If you ask to be excluded, you will not receive a settlement payment, and you cannot object to the Settlement. If you ask to be excluded in conformity with this Notice, you will not be legally bound by anything that happens in this Action.

**12.    If I do not exclude myself, can I sue Defendants for the same thing later?**

No. Unless you exclude yourself, you give up any right to sue Defendants for the claims that this Settlement resolves, or the Released Claims as defined above. If you have a pending lawsuit, speak to your lawyer in that case immediately, since you may have to exclude yourself from this Settlement Class to continue your own lawsuit.

**13.    Do I have a lawyer in this case?**

The Court has appointed The Rosen Law Firm, P.A. as Lead Counsel to represent the Settlement Class Members for the purposes of this settlement. You have the option to retain your own separate counsel at your own cost and expense. You need not retain your own separate counsel to opt-out, object, submit a Proof of Claim, or appear at the Final Approval Hearing. Contact information for Lead Counsel is provided below.

14.     **How will the lawyers be paid?**

Lead Counsel have expended considerable time litigating this action on a contingent fee basis, have paid for the expenses of the litigation themselves, and have not been paid any attorneys' fees in advance of this Settlement. Lead Counsel have done so with the expectation that if they are successful in recovering money for the Settlement Class, they will receive attorneys' fees and be reimbursed for their litigation expenses from the Settlement Fund, as is customary in this type of litigation. Lead Counsel will not receive attorneys' fees or be reimbursed for their litigation expenses except from the Settlement Fund. Therefore, Lead Counsel will file a motion asking the Court at the Final Approval Hearing to make an award of attorneys' fees in an amount not to exceed 25% of the Settlement Fund and for reimbursement of reasonable litigation expenses not to exceed $25,000, and a Compensatory Award to Plaintiff for reimbursement of reasonable costs and expenses (including lost wages) directly relating to his representation of the Settlement Class, in an amount not to exceed $2,000. The Court may award less than these amounts. Any amounts awarded by the Court will come out of the Settlement Fund.

15.     **How do I tell the Court that I do not like the Settlement?**

You can ask the Court to deny approval by filing an objection to any part of the Settlement, or Lead Counsel's motion for attorneys' fees and expenses and application for a Compensatory Award to Lead Plaintiff, and explaining that you think the Court should not approve the Settlement. You cannot ask the Court to order a different settlement; the Court can only approve or reject the Settlement. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue. If that is what you want to happen, you must object. Objections must be in writing. To file an objection, you must mail a letter stating that you object to the Settlement in the matter of *Smith v. NetApp, Inc.*, *et al*., Case No. 4;19-cv-04801-JST. To be valid, any such objection must contain (A) your full name, (B) the basis for your belief that you are a member of the Settlement Class, (C) the basis of your objection, and (D) your signature. Objections can be submitted to the Court either by mailing them to the Clerk of Court, United States District Court for the Northern District of California, 1301 Clay Street, Suite 400 S, Oakland, California 94612, or by filing them in person at any location of the United States District Court for the Northern District of California, and be filed or received on or before August 11, 2022.

The Final Approval Hearing will be a Zoom hearing, with the link available at https://cand.uscourts.gov/judges/tigar-jon-s-jst/. Attendance at the Final Approval Hearing is not necessary. Objectors wishing to be heard orally at the Final Approval Hearing are required to indicate in their written objection (or in a separate writing that is submitted in accordance with the deadline and after instruction pertinent to the submission of a written objection) that they intend to appear at the Final Approval Hearing and identify any witnesses they may call to testify or exhibits they intend to introduce into evidence at the Final Approval Hearing. You may appear at the Final Approval hearing either on your own or through an attorney. If you appear through an attorney, you are responsible for paying that attorney.

16.     **What is the difference between objecting and requesting exclusion?**

Objecting is simply telling the Court you do not like something about the Settlement. You can object only if you stay in the Settlement Class. Requesting exclusion is telling the Court you do not want to be part of the Settlement Class and Settlement. If you exclude yourself, you cannot object to the Settlement because it no longer concerns you. If you stay in the Settlement Class and object, but your objection is overruled, you will not be allowed a second opportunity to exclude yourself and you will be bound by any order issued by the Court.

-9-

**17.     When and where will the Court decide whether to approve the Settlement?**

The Court will hold a Final Approval Hearing on September 1, 2022 at 2:00, p.m., Pacific Daylight Time, via Zoom, with the link available at https://cand.uscourts.gov/judges/tigar-jon-s-jst/. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate and whether to approve the Settlement. If there are objections, the Court will consider them, and the Court will listen to people who have asked to speak at the hearing. The Court may also decide how much to award Lead Counsel for attorneys' fees and expenses and how much to award Plaintiff in a Compensatory Award.

The Court may adjourn the Final Approval Hearing without further written notice to the Settlement Class. If you intend to attend the Final Approval Hearing, you should confirm the date and time with Lead Counsel, check the Claims Administrator's website at www.strategicclaims.net/NetApp/, or the Court's Public Access to Court Electronic Records ("PACER") system at https://ecf.cand.uscourts.gov. The Court may decide to hold the Final Approval Hearing telephonically or by other virtual means without further notice.

**18.     Do I have to come to the hearing?**

No. Lead Counsel will answer any questions the Court may have. However, you are welcome to attend at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mail your written objection on time, the Court will consider it.

**19.     What happens if I do nothing at all?**

If you do nothing, you will not receive a payment from the Settlement. However, unless you validly exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendants about the claims made in this case ever again.

**20.     Can I See the Court File? Whom Should I Contact if I Have Questions?**

This Notice contains only a summary of the terms of the proposed Settlement. For the precise terms and conditions of the settlement, please see the Stipulation available at www.strategicclaims.net/NetApp/, by contacting Lead Counsel at (215) 600-2817, by accessing the Court docket in this case, for a fee, through the Court's PACER system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of Court for the United States District Court for the Northern District of California, 1301 Clay Street, Suite 400 S, Oakland, California 94612, between 9:00 a.m. and 1:00 p.m., Monday through Friday, excluding Court holidays.

All inquiries concerning this Notice and the Claim Form should be directed to the Claims Administrator or Lead Counsel at:

| | | |
|---|---|---|
| NetApp Inc. Securities Litigation c/o Strategic Claims Services P.O. Box 230 600 N. Jackson Street, Suite 205 Media, PA 19063 Tel.: 866-274-4004 Fax: 610-565-7985 info@strategicclaims.net | **or** | Jacob A. Goldberg, Esq. THE ROSEN LAW FIRM, P.A. 101 Greenwood Avenue, Suite 440 Jenkintown, PA 19046 Tel.: 215-600-2817 Fax: 212-202-3827 jgoldberg@rosenlegal.com |

**DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE
TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIMS PROCESS.**

**SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES**

If, between May 23, 2019 and August 1, 2019, both dates inclusive, you purchased, otherwise acquired, or sold NetApp Stock for the beneficial interest of a person or organization other than yourself, the Court has directed that, WITHIN TEN (10) CALENDAR DAYS OF YOUR RECEIPT OF THIS NOTICE, you either (a) provide to the Claims Administrator the name, last known address, and email address of each person or organization for whom or which you purchased such NetApp Stock during the Settlement Class Period; (b) request a link to the location where the Long Notice and Proof of Claim are hosted and, within ten (10) calendar days of receipt, email the link to all such beneficial owners of the NetApp Stock for whom valid email addresses are available; or (c) request additional copies of the Postcard Notice, which will be provided to you free of charge, and within ten (10) calendar days mail the Postcard Notice directly to the beneficial owners of the NetApp Stock. If you choose to follow either alternative procedure (b) or (c), the Court has directed that, upon such mailing or emailing, you send a statement to the Claims Administrator confirming that the mailing or emailing was made as directed. You are entitled to reimbursement from the Settlement Fund of your reasonable out-of-pocket expenses actually incurred in connection with the foregoing, up to a maximum of $0.05 plus postage at the pre-sort rate unit by the Claims Administrator per Postcard Notice mailed, $0.05 per link to the electronic Long Notice and Proof of Claim emailed; or $0.05 per name and address provided to the Claims Administrator. Those expenses will be paid upon request and submission of appropriate supporting documentation. All communications regarding the foregoing should be addressed to the Claims Administrator at the address listed on page 2 above.


DATED: MAY 3, 2022

                                           _____
                                           BY ORDER OF THE UNITED STATES
                                           DISTRICT COURT FOR THE
                                           NORTHERN DISTRICT OF CALIFORNIA

**PROOF OF CLAIM AND RELEASE FORM**

**Deadline for Submission: August 2, 2022**

If you purchased or otherwise acquired the publicly traded securities of NetApp, Inc. ("NetApp") during the period from May 23, 2019 through August 1, 2019, both dates inclusive (the "Settlement Class Period"), you are a "Settlement Class Member" and you may be entitled to share in the settlement proceeds. (Excluded from the Settlement Class are Defendants and any entity in which the Defendants have a controlling interest, and the officers, directors, affiliates, legal representatives, immediate family members, heirs, successors, subsidiaries and/or assigns of any such individual or entity in their capacity as such.)

If you are a Settlement Class Member, you must complete and submit this Proof of Claim and Release Form ("Proof of Claim") in order to be eligible for any Settlement benefits. You can complete and submit the electronic version of this Proof of Claim by 11:59 p.m. EST on August 2, 2022 at www.strategicclaims.net/NetApp/.

If you do not complete and submit an electronic version of this Proof of Claim, you must complete and sign this Proof of Claim and mail it by first class mail, postmarked no later than August 2, 2022 to Strategic Claims Services, the Claims Administrator, at the following address:

NetApp, Inc. Securities Litigation
c/o Strategic Claims Services
600 N. Jackson St., Ste. 205
P.O. Box 230
Media, PA 19063
Tel.: 866-274-4004
Fax: 610-565-7985
info@strategicclaims.net

Your failure to submit your claim by August 2, 2022 will subject your claim to rejection and preclude you from receiving any money in connection with the Settlement of this Action. Do not mail or deliver your claim to the Court or to any of the Parties or their counsel, as any such claim will be deemed not to have been submitted. Submit your claim only to the Claims Administrator. If you are a Settlement Class Member and do not submit a proper Proof of Claim, you will not share in the Settlement, but you nevertheless will be bound by the Order and Final Judgment of the Court unless you exclude yourself.

Submission of a proof of claim does not assure that you will share in the proceeds of the Settlement.

**CLAIMANT'S STATEMENT**

1. I (we) purchased the common stock of NetApp, Inc. ("NetApp") during the Settlement Class Period. (Do not submit this Proof of Claim if you did not purchase NetApp common stock during the Settlement Class Period.)

2. By submitting this Proof of Claim, I (we) state that I (we) believe in good faith that I am (we are) a Settlement Class Member(s) as defined above and in the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), or am (are) acting for such person(s); that I am (we are) not a Defendant in the Action or anyone excluded from the Settlement Class; that I (we) have read and understand the Notice; that I (we) believe that I am (we are) entitled to receive a share of the Net Settlement Fund, as defined in the Notice; that I (we) elect to participate in the proposed Settlement described in the Notice;

and that I (we) have not filed a request for exclusion. (If you are acting in a representative capacity on behalf of a Settlement Class Member [e.g., as an executor, administrator, trustee, or other representative], you must submit evidence of your current authority to act on behalf of that Settlement Class Member. Such evidence would include, for example, letters testamentary, letters of administration, or a copy of the trust documents.)

3. I (we) consent to the jurisdiction of the Court with respect to all questions concerning the validity of this Proof of Claim. I (we) understand and agree that my (our) claim may be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to my (our) status as a Settlement Class Member(s) and the validity and amount of my (our) claim. No discovery shall be allowed on the merits of the Action or Settlement in connection with processing of the Proof of Claim.

4. I (we) have set forth where requested below all relevant information with respect to each purchase or acquisition of NetApp common stock, and each sale, if any, of such common stock. I (we) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so.

5. I (we) have enclosed photocopies of the stockbroker's confirmation slips, stockbroker's statements, or other documents evidencing each purchase, acquisition, and sale of NetApp common stock listed below in support of my (our) claim. (IF ANY SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN A COPY OR EQUIVALENT DOCUMENTS FROM YOUR BROKER OR TAX ADVISOR BECAUSE THESE DOCUMENTS ARE NECESSARY TO PROVE AND PROCESS YOUR CLAIM.)

6. I (we) understand that the information contained in this Proof of Claim is subject to such verification as the Claims Administrator may request or as the Court may direct, and I (we) agree to cooperate in any such verification. (The information requested herein is designed to provide the minimum amount of information necessary to process most simple claims. The Claims Administrator may request additional information as required to efficiently and reliably calculate your Recognized Loss. In some cases, the Claims Administrator may condition acceptance of the claim based upon the production of additional information, including, where applicable, information concerning transactions in any derivatives securities such as options.)

7. Upon the occurrence of the Court's approval of the Settlement, as detailed in the Notice, I (we) agree and acknowledge that my (our) signature(s) hereto shall effect and constitute a full and complete release, remise and discharge by me (us) and my (our) heirs, joint tenants, tenants in common, beneficiaries, executors, administrators, predecessors, successors, attorneys, insurers and assigns (or, if I am (we are) submitting this Proof of Claim on behalf of a corporation, a partnership, estate or one or more other persons, by it, him, her or them, and by its, his, her or their heirs, executors, administrators, predecessors, successors, and assigns) of each of the "Released Parties" of all "Released Claims" as those terms are defined in the Stipulation of Settlement, dated September 21, 2021 ("Stipulation").

8. Upon the occurrence of the Court's approval of the Settlement, as detailed in the Notice, I (we) agree and acknowledge that my (our) signature(s) hereto shall effect and constitute a covenant by me (us) and my (our) heirs, joint tenants, tenants in common, beneficiaries, executors, administrators, predecessors, successors, attorneys, insurers and assigns (or, if I am (we are) submitting this Proof of Claim on behalf of a corporation, a partnership, estate or one or more other persons, by it, him, her or them, and by its, his, her or their heirs, executors, administrators, predecessors, successors, and assigns) to permanently refrain from prosecuting or attempting to prosecute any Released Claims against any of the Released Parties.

9. "Released Parties" has the meaning laid out in the Stipulation.

10. "Released Claims" has the meaning laid out in the Stipulation.

11. "Unknown Claims" has the meaning laid out in the Stipulation.

12. I (we) acknowledge that I (we) may hereafter discover facts in addition to or different from those which I (we) now know or believe to be true with respect to the subject matter of the Released Claims, but expressly fully, finally and forever settle and release, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of fiduciary duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.

13.  I (We) acknowledge that the inclusion of "Unknown Claims" in the definition of claims released pursuant to the Stipulation was separately bargained for and is a material element of the Settlement of which this release is a part.

14. NOTICE REGARDING INSTITUTIONAL FILERS: Representatives with authority to file on behalf of (a) accounts of multiple Settlement Class Members and/or (b) institutional accounts with large numbers of transactions ("Representative Filers") must submit information regarding their transactions in an electronic spreadsheet format. If you are a Representative Filer, you must contact the Claims Administrator at efile@strategicclaims.net or visit their website at www.strategicclaims.net to obtain the required file layout. Claims which are not submitted in electronic spreadsheet format and in accordance with the Claims Administrator's instructions may be subject to rejection. All Representative Filers MUST also submit a manually signed Proof of Claim, as well as proof of authority to file (see Item 2 of the Claimant's Statement), along with the electronic spreadsheet format. No claims submitted in electronic spreadsheet format will be considered to have been properly submitted unless the Claims Administrator issues to the Claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

15. NOTICE REGARDING ELECTRONIC FILERS: Claimants who are not Representative Filers may submit their claims online using the electronic version of the Proof of Claim hosted at www.strategicclaims.net/NetApp/. If you are not acting as a Representative Filer, you do not need to contact the Claims Administrator prior to filing; you will receive an automated e-mail confirming receipt once your Proof of Claim has been submitted. If you are unsure if you should submit your claim as a Representative Filer, please contact the Claims Administrator at info@strategicclaims.net or (866) 274-4004. If you are not a Representative Filer, but your claim contains a large number of transactions, the Claims Administrator may request that you also submit an electronic spreadsheet showing your transactions to accompany your Proof of Claim.

NETAPP

## I. CLAIMANT INFORMATION

| Beneficial Owner Name: | | |
|---|---|---|
| | | |
| Address: | | |
| | | |
| City: | State: | ZIP: |
| Foreign Province: | Foreign Country: | |
| Day Phone: | Evening Phone: | |
| Email: | | |
| Social Security Number (for individuals): | OR | Taxpayer Identification Number (for estates, trusts, corporations, etc.): |

## II. SCHEDULE OF TRANSACTIONS IN NETAPP COMMON STOCK

**Beginning Holdings:**

A. State the total number of shares of NetApp common stock held at the close of trading on May 22, 2019 (*must be documented*). If none, write "zero" or "0."

**Purchases/Acquisitions:**

B. Separately list each and every purchase or acquisition of NetApp common stock between May 23, 2019 and October 30, 2019, both dates inclusive, and provide the following information (*must be documented*):

| Trade Date (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/Acquired | Price per Share | Total Cost (Excluding Commission, Taxes, and Fees) |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

**Sales:**

C. Separately list each and every sale of NetApp common stock between May 23, 2019 and October 30, 2019, both dates inclusive, and provide the following information (*must be documented*):

| Trade Date (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Price per Share | Amount Received (Excluding Commission, Taxes, and Fees) |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

**Ending Holdings:**

D. State the total number of shares of NetApp common stock held at the close of trading on October 30, 2019 (*must be documented)*.

**If additional space is needed, attach separate, numbered sheets, giving all required information, substantially in the same format, and print your name and Social Security or Taxpayer Identification number at the top of each sheet.**

## III. SUBSTITUTE FORM W-9

Request for Taxpayer Identification Number:

Enter taxpayer identification number below for the Beneficial Owner(s). For most individuals, this is your Social Security Number. The Internal Revenue Service ("I.R.S.") requires such taxpayer identification number. If you fail to provide this information, your claim may be rejected.

| Social Security Number (for individuals) | or | Taxpayer Identification Number (for estates, trusts, corporations, etc.) |
|---|---|---|
| _____ |  | _____ |

## IV. CERTIFICATION

I (We) submit this Proof of Claim under the terms of the Stipulation described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the Northern District of California with respect to my (our) claim as a Settlement Class Member and for purposes of enforcing the release and covenant not to sue set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in this Action. I (We) have not submitted any other claim covering the same purchases or sales of NetApp common stock during the Settlement Class Period and know of no other Person having done so on my (our) behalf.

I (We) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406 (a)(1)(c) of the Internal Revenue Code because: (a) I am (We are) exempt from backup withholding; or (b) I (We) have not been notified by the I.R.S. that I am (we are) subject to backup withholding as a result of a failure to report all interest or dividends; or (c) the I.R.S. has notified me (us) that I am (we are) no longer subject to backup withholding.

NOTE: If you have been notified by the I.R.S. that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.

NETAPP

UNDER THE PENALTIES OF PERJURY UNDER THE LAWS OF THE UNITED STATES, I (WE) CERTIFY THAT ALL OF THE INFORMATION I (WE) PROVIDED ON THIS PROOF OF CLAIM IS TRUE, CORRECT AND COMPLETE.

Signature of Claimant (If this claim is being made on behalf of Joint Claimants, then each must sign):

_____
(Signature)


_____
(Signature)


_____
(Capacity of person(s) signing, e.g. beneficial purchaser(s), executor, administrator, trustee, etc.)
☐ Check here if proof of authority to file is enclosed.
(See Item 2 under Claimant's Statement)

Date: _____

**THIS PROOF OF CLAIM AND RELEASE FORM MUST BE SUBMITTED ELECTRONICALLY AT WWW.STRATEGICCLAIMS.NET/NETAPP/ BY 11:59 P.M. EST ON AUGUST 2, 2022, OR MAILED TO THE CLAIMS ADMINISTRATOR AT THE BELOW ADDRESS, POSTMARKED NO LATER THAN AUGUST 2, 2022:**

NetApp, Inc. Securities Litigation
c/o Strategic Claims Services
600 N. Jackson St., Ste. 205
P.O. Box 230
Media, PA 19063
Tel.: 866-274-4004
Fax: 610-565-7985
info@strategicclaims.net

A Proof of Claim received by the Claims Administrator shall be deemed to have been submitted when posted, if mailed by August 2, 2022 and if a postmark is indicated on the envelope and it is mailed first class and addressed in accordance with the above instructions. In all other cases, a Proof of Claim shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to process fully all of the Proof of Claim and Release Forms and to administer the Settlement. This work will be completed as promptly as time permits, given the need to investigate and tabulate each Proof of Claim. Please notify the Claims Administrator of any change of address.

NetApp, Inc. Securities Litigation
c/o Strategic Claims Services
600 N. Jackson St., Suite 205
Media, PA 19063

**IMPORTANT LEGAL NOTICE – PLEASE FORWARD**

## REMINDER CHECKLIST

o   Please be sure to sign this Proof of Claim on page 17. If this Proof of Claim is submitted on behalf of joint claimants, then both claimants must sign.

o   Please remember to attach supporting documents. Do NOT send any stock certificates. Keep copies of everything you submit.

o   Do NOT use highlighter on the Proof of Claim or any supporting documents.

o   If you move or change your address, telephone number or email address, please submit the new information to the Claims Administrator, as well as any other information that will assist us in contacting you. NOTE: Failure to submit updated information to the Claims Administrator may result in the Claims Administrator's inability to contact you regarding issues with your claim or to deliver payment to you.

## REQUEST FOR NAMES, EMAILS AND ADDRESSES OF CLASS MEMBERS
### STRATEGIC CLAIMS SERVICES
600 N. JACKSON STREET, SUITE 205
MEDIA, PA   19063
PHONE: (610) 565-9202          EMAIL: info@strategicclaims.net          FAX: (610) 565-7985

May 20, 2022

This letter is being sent to all entities whose names have been made available to us, or which we believe may know of potential class members.

**We request that you assist us in identifying any individuals who fit the following description:**

ALL PERSONS OR ENTITIES WHO PURCHASED OR OTHERWISE ACQUIRED THE PUBLICLY TRADED SECURITIES ("STOCK") OF NETAPP, INC. ("NETAPP" OR THE "COMPANY") BETWEEN MAY 23, 2019 AND AUGUST 1, 2019, BOTH DATES INCLUSIVE.

Excluded from the Settlement Class are Defendants, the officers and directors of NetApp, members of the Individual Defendants' immediate families and their legal representatives, heirs, successors, or assigns and any entity in which the Individual Defendants have or had a controlling interest.

**The information below may assist you in finding the above requested information.**

| | |
|---|---|
| *NetApp Inc. Securities Litigation*<br>Case No. 4:19-cv-04801-JST<br>Claim Filing Deadline: August 2, 2022<br>Exclusion Deadline: August 11, 2022<br>Objection Deadline: August 11, 2022<br>Final Approval Hearing: September 1, 2022 | Cusip Number: 64110D104 |

### PER COURT ORDER, PLEASE RESPOND WITHIN 10 CALENDAR DAYS FROM THE DATE OF THIS NOTICE

Please comply in one of the following ways:
1. If you have no beneficial purchasers/owners, please so advise us in writing; or
2. **Supply us with email addresses**, if email addresses are not available, provide us with names and last known addresses of your beneficial purchasers/owners and we will do the emailing of the link to the location of the Long Notice and Proof of Claim or mailing of the Postcard Notice. Please provide us this information electronically. If you are not able to do this, labels will be accepted, but it is important that a hardcopy list also be submitted of your clients; or
3. Advise us of how many beneficial purchasers/owners you have, and we will supply you with ample postcards to do the mailing. After the receipt of the Postcard Notice you have ten (10) calendar days to mail them; or
4. Request a link to the location of the Long Notice and Proof of Claim and advise us that you will be emailing the link to your beneficial purchasers/owners within ten (10) days after receipt thereof.

You can bill us for any reasonable expenses actually incurred and **not to exceed**:
- **$0.05 per email Notice sent** OR
- **$0.05 per name, address and email address** if you are providing us the records OR
- **$0.05 per name and address, including materials, plus postage at the current pre-sort rate used by the Claims Administrator if** you are requesting the Postcard Notice and performing the mailing.

**All invoices must be received within 30 days of this letter.**

You are on record as having been notified of the legal matter. A copy of the Notice of Pendency and Proposed Settlement of Class Action and Proof of Claim Form and Release Form and all the important documents are available on our website at www.strategicclaims.net/NetApp/. You can also request a copy via email at info@strategicclaims.net.

Thank you for your prompt response.

Sincerely,
Claims Administrator
NetApp Inc. Securities Litigation

**EXHIBIT D**

**mcraig@strategicclaims.net**

| | |
|---|---|
| **From:** | donotreply@globenewswire.com |
| **Sent:** | Monday, June 6, 2022 9:00 AM |
| **To:** | mcraig@strategicclaims.net |
| **Cc:** | mcraig@strategicclaims.net; lrosen@rosenlegal.com |
| **Subject:** | GlobeNewswire Release Distribution Confirmation: The Rosen Law Firm PA |



# Release Distribution Confirmation

**The Rosen Law Firm, P.A. Announces Proposed Class Action Settlement on Behalf of Purchasers of the Publicly Traded Securities of NetApp, Inc. – NTAP**

*Cross time: **06/06/22 09:00 AM ET: Eastern Time** - View release on GlobeNewswire.com*

This email message serves as a formal confirmation that your release was transmitted on GlobeNewswire's distribution network as requested, including any fax or email broadcasts.

If you have any questions, comments or concerns, please reply to this message, contact your account manager, or call our Customer Service Center at 800-307-6627, or 310-642-6930

This message was distributed by GlobeNewswire.

2321 Rosecrans Ave. Ste 2200, El Segundo, CA, 90245, USA. +1-800-307-6627. www.globenewswire.com

You received this email because you have an account with GlobeNewswire.

If you have any questions, please send an email to support@globenewswire.com or Contact Us

# INVESTOR'S BUSINESS DAILY®

## Affidavit of Publication

| A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document. |
|---|

Name of Publication:      IBD Weekly
Address:                            12655 Beatrice Street
City, State, Zip:              Los Angeles, CA 90066
Phone #:                        310.448.6700
State of:                          California
County of:                      Los Angeles

I, **Shaun Shen** for the publisher of **IBD Weekly**, published in the city of Los Angeles, state of California, county of Los Angeles hereby certify that the attached notice(s) for NETAPP, INC. was printed in said publication on the following date(s):

### JUNE 6, 2022

State of California

County of Los Angeles

Subscribed and sworn to (or affirmed) before me on this 6th day of June, 2022, by

_____, proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

Signature _____ (Seal)

RICHARD CHARLES BRAND II
Notary Public - California
Los Angeles County
Commission # 2276190
My Comm. Expires Feb 25, 2023

*(This page consists of dense mutual fund performance tables arranged in multiple columns — Federated Hermes through Fidelity, Frank/Tmp, Franklin, Gabelli, GMO, Goldman Sachs, Hartford, Harbor, Invesco, J/K/L funds, JP Morgan, Legg Mason, M/N/O funds, PIMCO, P/Q/R funds, Schwab, S/T/U funds, TIAA-CREF, V/W/X funds, Vanguard, Wells Fargo, and others — giving for each fund its 36 Mo Performance Rating, YTD % Chg, 12Wk % Chg, 5 Yr After Tax Rtn, Net Asset Value, and NAV Chg. Two boxed legal notices appear in the lower-left portion of the page.)*

---

**UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA**

CHAD C. SMITH, Individually and on behalf of all others similarly situated, Plaintiff,
v.
NETAPP, INC., et al., Defendants.

Case No. 4:19-cv-04801-JST

**SUMMARY NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION**

**TO: ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED THE PUBLICLY TRADED SECURITIES OF NETAPP, INC. ("NETAPP") BETWEEN MAY 23, 2019 AND AUGUST 1, 2019, BOTH DATES INCLUSIVE**

YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United States District Court for the Northern District of California, that a Zoom hearing will be held on September 1, 2022 at 2:00 p.m. PDT, before the Honorable Jon S. Tigar, United States District Judge of the Northern District of California, via Zoom, with the link available at https://cand.uscourts.gov/judges/tigar-jon-s-jst/, (the "Final Approval Hearing") for the purpose of determining: (1) whether the proposed Settlement consisting of the sum of $2,250,000 in cash should be approved by the Court as fair, reasonable, and adequate; (2) whether the proposed plan to distribute the settlement proceeds is fair, reasonable, and adequate; (3) whether the application for an award of attorneys' fees of no more than 25% of the Settlement Amount (or $562,500) and reimbursement of expenses of no more than $25,000 and a Compensatory Award of reasonable costs and expenses (including lost wages) directly relating to his representation of the Settlement Class of no more than $2,000 for Lead Plaintiff should be approved; and (4) whether the Action should be dismissed with prejudice as set forth in the Stipulation of Settlement, dated September 21, 2021 (the "Stipulation"). The Court reserves the right to hold the Final Approval Hearing telephonically or by other virtual means.

If you purchased or otherwise acquired the publicly traded securities of NetApp between May 23, 2019 and August 1, 2019, both dates inclusive (the "Settlement Class Period"), your rights may be affected by the Settlement of this action. If you have not received a detailed Notice of Pendency and Proposed Settlement of Class Action ("Long Notice") and a copy of the Proof of Claim and Release Form ("Proof of Claim"), you may obtain copies by contacting the Claims Administrator at: NetApp, Inc. Securities Litigation, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson St., Ste. 205, Media, PA 19063, Telephone: (866) 274-4004, Facsimile: (610) 565-7985, info@strategicclaims.net. You can also download copies of the Long Notice and submit your Proof of Claim online at www.strategicclaims.net/NetApp/. If you are a member of the Settlement Class, in order to share in the distribution of the Net Settlement Fund, you must submit a properly completed Proof of Claim electronically or postmarked no later than August 2, 2022, to the Claims Administrator, establishing that you are entitled to recovery.

If you are a Settlement Class Member and desire to be excluded from the Settlement Class, you must submit a request for exclusion to the Claims Administrator so that it is received no later than August 11, 2022, in the manner and form explained in the detailed Long Notice. Unless you submit a written exclusion request, you will be bound by any judgment rendered in the Action whether or not you make a claim.

If you wish to object to the Settlement, Plan of Allocation, Lead Counsel's request for an award of attorneys' fees and reimbursement of expenses, or the Compensatory Award to Lead Plaintiff must be in the manner and form explained in the detailed Long Notice and filed with the Court no later than August 11, 2022, at the Clerk of Court, United States District Court for the Northern District of California, 1301 Clay Street, Suite 400 S, Oakland, California 94612.

If you have any questions about the Settlement, you may call or write to Lead Counsel:

Jacob A. Goldberg, Esq.
THE ROSEN LAW FIRM, P.A.
101 Greenwood Avenue, Suite 440,
Jenkintown, PA 19046
215-600-2817, jgoldberg@rosenlegal.com

**DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIMS PROCESS.**

DATED: MAY 3, 2022

BY ORDER OF THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

---

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION**

In re RCI Hospitality Holdings, Inc. Securities Litigation

Master File No.: 4:19-cv-01841-AHB

**SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION, CERTIFICATION OF SETTLEMENT CLASS, AND PROPOSED SETTLEMENT; (II) SETTLEMENT HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

**TO: All persons and entities who, during the period between December 13, 2016 and July 18, 2019, inclusive, purchased or otherwise acquired the common stock of RCI Hospitality Holdings Inc. and were injured thereby (the "Settlement Class"):**

**PLEASE READ THIS NOTICE CAREFULLY. YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of Texas, that the above-captioned action (the "Action") has been certified as a class action on behalf of the Settlement Class, except for certain persons and entities who are excluded from the Settlement Class by definition as set forth in the full copy of (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice").

YOU ARE ALSO NOTIFIED that Lead Plaintiffs in the Action have reached a proposed settlement of the Action for $2,200,000 in cash (the "Settlement"), that, if approved, will resolve all claims in the Action.

A hearing will be held on August 12, 2022 at 10:00 a.m., before the Honorable Alfred H. Bennett at the United States District Court for the Southern District of Texas, United States Courthouse, Courtroom 8C, 515 Rusk Avenue, Houston, TX 77002, to determine (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) whether the Action should be dismissed with prejudice against Defendants, and the Releases specified and described in the Stipulation and Agreement of Settlement dated April 14, 2022 (and in the Notice) should be granted; (iii) whether the proposed Plan of Allocation should be approved as fair and reasonable; and (iv) whether Lead Counsel's application for an award of attorneys' fees and reimbursement of expenses should be approved.

**If you are a member of the Settlement Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Settlement Fund.** The Notice and Proof of Claim and Release Form ("Claim Form") can be downloaded from the website maintained by the Claims Administrator, www.RCIHoldingsSecuritiesSettlement.com. You may also obtain copies of the Notice and Claim Form by contacting the Claims Administrator at In re RCI Hospitality Securities Litigation, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson Street, Suite 205, Media, PA 19063, 1-866-274-4004.

If you are a member of the Settlement Class, in order to be eligible to receive a payment under the proposed Settlement, you must submit a Claim Form submitted online or postmarked no later than September 23, 2022 to the Claims Administrator. If you are a Settlement Class Member and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you are a member of the Settlement Class and wish to exclude yourself from the Settlement Class, you must submit a request for exclusion such that it is received no later than July 22, 2022 to the Claims Administrator, in accordance with the instructions set forth in the Notice. If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court in the Action and you will not be eligible to share in the proceeds of the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and reimbursement of expenses, must be filed with the Court and delivered to Lead Counsel and Defendants' Counsel such that they are received no later than July 22, 2022, in accordance with the instructions set forth in the Notice.

**Please do not contact the Court, the Clerk's office, RCI, or its counsel regarding this notice. All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to Lead Counsel or the Claims Administrator.**

Inquiries, other than requests for the Notice and Claim Form, should be made to Lead Counsel:

GLANCY PRONGAY & MURRAY LLP
Kara M. Wolke, Esq.
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
(888) 773-9224
settlements@glancylaw.com

—AND—

Phillip Kim, Esq.
THE ROSEN LAW FIRM, P.A.
275 Madison Avenue, 40th Floor
New York, New York 10016
(212) 686-1060
pkim@rosenlegal.com

Requests for the Notice and Claim Form should be made to:

In re RCI Hospitality Securities Litigation
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson Street, Suite 205
Media, PA 19063
866-274-4004
www.RCIHoldingsSecuritiesSettlement.com

By Order of the Court

**EXHIBIT E**

July 14, 2022


NetApp, Inc Securities Litigation
c/o Strategic Claims Services
P.O. Box 230
600 N Jackson St., Ste. 205
Media, PA 19063

Re:  **Smith v. NetApp, Inc., et al., Case No. 4:19-cv-04801-JST**

Dear Strategic Claims Services:


I request to be excluded from the Settlement Class in Smith v. NetApp, Inc., et al., Case No. 4:19-cv-04801-JST.  I inherited NetApp shares prior to the time frame and did not purchase any during the time frame of May 23, 2019, and August 1, 2019.  I only earned any dividends paid during that time.

Sincerely,




Christine Beth Cousin
FBO of Francis J Bonneville (DCSD)
Hilltop Securities Inc
As Beneficiary IR Custodian

American Heart Assoc. Supporter Ms. Christine Cousin



15 JUL 2022   PM 4 L

JUL 1 8 2022

NetApp, Inc Securities Litigation
c/o Strategic Claims Services
P.O. Box 230
600 N Jackson St., Ste. 205
Media, PA 19063

19063-256455