**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen (SBN 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Lead Counsel for Plaintiff and the Class*

*[Additional Counsel on Signature Page]*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAD C. SMITH, Individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>        v.<br><br>NETAPP, INC., *et al.*,<br><br>        Defendants. | Case No: 4:19-cv-04801-JST<br><br>CLASS ACTION<br><br>**REPLY IN FURTHER SUPPORT OF PLAINTIFF'S MOTIONS FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND AWARD TO LEAD PLAINTIFF**<br><br>Hearing Date: September 1, 2022<br>Time: 2:00 p.m. PST<br>Via Zoom: https://cand.uscourts.gov/judges/tigar-jon-s-jst/<br>Judge: Jon S. Tigar |

Lead Plaintiff Winston Derouin ("Plaintiff" or "Derouin") submits this reply memorandum of law in further support of his motion for final approval of class action settlement, for attorneys' fees, reimbursement of expenses, and an award to lead plaintiff.[1]

## I.    UPDATE TO NOTICE PROGRAM

Strategic Claims Services ("SCS"), the Court-appointed Claims Administrator, notified a total of 47,945 potential Settlement Class Members by either mailing a Postcard Notice, emailing a direct link to the Long Notice and Proof of Claim, or through nominees emailing a direct link to the Long Notice and Proof of Claim. Supplemental Declaration of Paul Mulholland Concerning: (A) Mailing of the Postcard Notice; (B) Report on Requests for Exclusion and Objections; and (C) Status of Claim Forms Received ("Mulholland Supp. Decl."), ¶3.[2]

Since the July 28, 2022, filing of the Mulholland Declaration, (Dkt. No. 73-1), 275 Postcard Notices were returned as undeliverable. Of those, two were returned with a forwarding address, and SCS mailed another Postcard Notice to the forwarding addresses. *Id*. ¶4. A skip trace using Experian led to 78 updated addresses for the remaining 273 Postcard Notices returned as undeliverable, and SCS mailed Postcard Notices to those addresses. *Id*. ¶4. Since July 28, 2022, SCA has not mailed any additional Postcard Notices, or emailed links to the Long Notice and Proof of Claim. *Id*. ¶3.

Not a single investor has objected to any aspect of the Settlement or to Plaintiff's request for attorneys' fees, reimbursement of out-of-pocket expenses, or a compensatory award to Plaintiff. *Id.* ¶8. Only three potential Settlement Class Members requested exclusion, two since Plaintiff filed the Motion for Final Approval of Class Action Settlement. None of these three potential Settlement Class Members purchased or sold NetApp securities during the Class Period. *Id.* ¶7.

SCS has received a total of 27,377 claims, 20,928 of which arrived after July 28, 2022. *Id.* ¶9. Of the total, 9,979 were valid claims. *Id.* The valid claims represented 28,321,261 damaged shares, and the recognized losses from those shares totaled $145,463,024. *Id.*

---

[1] The claims filing deadline was August 2, 2022. (Dkt. No. 70, ¶¶21, 25). The deadline for requesting exclusion from the Settlement Class or objecting to the Settlement was August 11, 2022. *Id.*

[2] The Mulholland Supp. Decl. is Exhibit 1 to the Supplemental Declaration of Jacob A. Goldberg ("Goldberg Supp. Decl."), filed herewith.

The average estimated recovery for the estimated 28.3 million damaged shares is $0.08 per share. *Id.* ¶10. This matches the estimated average recovery of $0.08 per share included in the Long Notice and Proof of Claim. (Dkt. No. 73-1, Ex. B).

## II. THE SETTLEMENT CLASS'S REACTION SUPPORTS APPROVAL OF THE SETTLEMENT, PLAN OF ALLOCATION, THE REQUESTS FOR ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND AN AWARD TO LEAD PLAINTIFF

No Settlement Class Member has objected to the Settlement, the Plan of Allocation, or the requests for attorneys' fees in the amount of 25% of the settlement amount ($562,500), reimbursement of expenses, or a $2,000 award to Plaintiff.

"[T]hat the overwhelming majority of the class willingly approved the offer and stayed in the class presents at least some objective positive commentary as to its fairness." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998). The absence of a large number of objections to a proposed class action settlement supports approval. *In re Rambus Inc. Derivative Litig.*, No. C 06-3513 JF (HRL), 2009 WL 166689, at *3 (N.D. Cal. Jan. 20, 2009) ("the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members").

Three persons have requested exclusion from the Settlement Class, two since Plaintiff's July 28, 2022 filings.[3] None of those persons requesting exclusion purchased or sold NetApp stock during the Class Period. *See* Mulholland Supp. Decl. ¶7. As such, none was a Settlement Class Member. *See* (Dkt. No. 70, ¶¶2-4). The small number of exclusion requests also supports the Settlement's approval. *See  Chun-Hoon v. McKee Foods Corp.*, 716 F. Supp. 2d 848, 852 (N.D. Cal. 2010) ("overwhelming positive reaction of the class members" including 16 exclusion request representing 4.86% of class supports settlements' approval.);.

Similarly, a lack of objections to fee and expense requests supports approval of the requested attorneys' fee award. *In re Immune Response Sec. Litig.*, 497 f. Supp. 2d 1166, 1177 (S.D. Cal. 2007) ("The lack of objection from any Class member supports the attorneys' fee award").

---

[3] Filed concurrently herewith is a [Revised Proposed] Order and Final Judgment, adding the names of the two additional opt-outs to that document's Schedule A.

III.   **DETAILED BREAKDOWN OF EXPENSES**

On July 28, 2022, the date Plaintiff filed his motions for final approval of the Settlement, and for attorneys' fees, a reimbursement of expenses, and an award to Lead Plaintiff, this Court convened a final approval hearing in *Huang v. Assertion Therapeutics, Inc. et al.*, No. 4:17-cv-04830-JST. Lead counsel here took note of the Court's request that the lead counsel in *Huang* submit a more detailed breakdown of expenses than Plaintiff submitted in this case in the Goldberg Declaration. (Dkt. No. 76-2, ¶8).

A breakdown of Lead Counsel's expenses in this Action appears in the Goldberg Supp. Decl., ¶3.

IV.   **CONCLUSION**

For the foregoing additional reasons, the Court should grant Plaintiff's unopposed Motion for Final Approval of the Settlement and Motion for Attorneys' Fees, Reimbursement of Expenses, and for an Award to Lead Plaintiff.

Dated: August 25, 2022

Respectfully submitted,

**THE ROSEN LAW FIRM, P.A**.

By: */s/ Jacob A. Goldberg*
Jacob A. Goldberg (*pro hac vice*)
Gonen Haklay (*pro hac vice*)
101 Greenwood Avenue, Suite 440
Jenkintown, PA 19046
Telephone: (215) 600-2817
Facsimile: (212) 202-3827
Email: jgoldberg@rosenlegal.com
          ghaklay@rosenlegal.com

Laurence M. Rosen (SBN 219683)
355 S. Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Lead Counsel for Plaintiff and the Class*

**CERTIFICATE OF SERVICE**

I, Jacob A. Goldberg, hereby declare under penalty of perjury as follows:

I am a partner in The Rosen Law Firm, P.A., with offices at 355 S. Grand Avenue, Suite 2450 Los Angeles, CA 90071. I am over the age of eighteen.

On July 28, 2022, I electronically filed the foregoing REPLY IN FURTHER SUPPORT OF PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND AWARD TO LEAD PLAINTIFF with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

Executed on August 25, 2022.

/s/ Jacob A. Goldberg