**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

CHAD C. SMITH, Individually and on behalf of all others similarly situated,

    Plaintiff,

    v.

NETAPP, INC., *et al.*,

    Defendants.

Case No: 4:19-cv-04801-JST

<u>CLASS ACTION</u>

**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR DISTRIBUTION OF CLASS ACTION SETTLEMENT FUNDS**

Judge: Jon S. Tigar

**IT IS HEREBY ORDERED THAT:**

1.    Plaintiff's Motion for Distribution of Class Action Settlement Funds is GRANTED.

2.    As set forth in the Declaration of Paul Mulholland Concerning the Results of the Claims Administration Process ("Mulholland Decl."), the administrative determinations of the Claims Administrator,[1] Strategic Claims Services ("SCS"), in accepting and rejecting Claims are approved. Specifically, the administrative determinations of the Claims Administrator accepting those Claims set forth in Exhibits B-1 and B-2 to the Mulholland Decl. are approved, and the administrative determinations of the Claims Administrator rejecting those Claims set forth in Exhibits D and E of the Mulholland Decl. are approved.

3.    Any person asserting claims filed after September 2, 2022, the date SCS used as the latest date to file a claim, in order to avoid delaying finalization of the administration, is forever barred from asserting a claim. Any response to a rejected claim received after October 28, 2022, the date SCS used as the latest date to respond to a rejection notice, in order to avoid delaying finalization of the administration, is forever barred from asserting a claim.

---

[1] All capitalized terms used herein that are not otherwise defined have the meanings ascribed to them in the Stipulation of Settlement dated September 21, 2021 (Dkt. No. 66-1) ("Stipulation").

1

4.     The funds that are currently in the Net Settlement Fund (less any necessary amounts to be withheld for payment of potential tax liabilities and related fees and expenses) shall be distributed on a *pro rata* basis to the Authorized Claimants, identified in Exhibits B-1 and B-2 to the Mulholland Declaration. The funds shall be distributed pursuant to the Stipulation and the Plan of Allocation of the Net Settlement Fund set forth in the Notice.

5.     The distribution plan for the Net Settlement Fund as set forth in the Mulholland Decl. and accompanying exhibits is approved. The balance of the Net Settlement Fund shall be distributed to Authorized Claimants. The checks for distribution to Authorized Claimants shall bear the notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION 180 DAYS AFTER ISSUE DATE." Plaintiff's Counsel and SCS are authorized to locate and/or contact any Authorized Claimant who has not cashed his, her, or its check within said time. Authorized Claimants who fail to deposit or cash a distribution check within the time allotted or consistent with the terms outlined in the Mulholland Decl. will irrevocably forfeit all recovery from the Settlement.

6.     Pursuant to Section 7.5 of the Stipulation, "[t]The Net Settlement Fund shall be distributed to the Authorized Claimants substantially in accordance with a Plan of Allocation to be described in the Long Notice and approved by the Court. However, if there is any balance remaining in the Net Settlement Fund after six (6) months from the date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks, or otherwise), the Claims Administrator under the supervision of Lead Counsel shall, if feasible, reallocate such balance among Authorized Claimants in an equitable and economic fashion. Thereafter, Plaintiff's counsel's designation of the Howard University School of Law Investor Justice and Education Clinic is approved  to receive a donation of the remaining balance in the Net Settlement Fund. *See* http://law.howard.edu/content/investor-justice-and-education-clinic-ijec..

7.     All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of claims, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, are released and discharged from any and all claims arising out of such involvement, and all Class Members, whether or not they are to receive payment

from the Net Settlement Fund, are barred from making any further claim against the Net Settlement Fund or the released person beyond the amount allocated to them pursuant to this Order.

8.     SCS is authorized to destroy the paper copies of the Claim Forms and all supporting documentation (i) in no less than one (1) year after the distribution of the Net Settlement Fund, and (ii) in no less than one (1) year after all funds have been distributed, SCS is authorized to destroy the electronic copies of the Claim Forms and all supporting documentation.

9.     This Court retains jurisdiction over any further application or matter which may arise in connection with this action.

Dated: _____, 2022

_____
HON. PAUL S. TIGAR
UNITED STATES DISTRICT JUDGE

MOTION FOR DISTRIBUTION OF CLASS ACTION SETTLEMENT FUNDS
2:15-CV-05146-CAS-PJWx