**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

|  |  |
|---|---|
| CHAD C. SMITH, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NETAPP, INC., *et al.*,<br><br>Defendants. | Case No: 4:19-cv-04801-JST<br><br>CLASS ACTION<br><br><br>Date: December 15, 2022<br>Time: 2 P.M.<br>Courtroom: 6<br>Honorable Jon S. Tigar |

**MEMORANDUM OF POINTS AND AUTHORITIES IS SUPPORT OF PLAINTIFF'S**
**MOTION FOR DISTRIBUTION OF CLASS ACTION SETTLEMENT FUNDS**

Lead Plaintiff Winston Derouin ("Plaintiff") submits this Memorandum of Points and Authorities in support of his unopposed Motion for Entry of the [Proposed] Class Distribution Order ("Motion") in the above-captioned Action. If entered by the Court, the Class Distribution Order will, among other things: (i) approve the Claims Administrator's recommendations, accepting and rejecting Claims submitted in the Action; and (ii) direct the distribution of the Net Settlement Fund to Authorized Claimants whose Claims have been accepted as valid and approved by the Court. The specifics of the proposed plan for distribution of the Net Settlement Fund are set forth in the accompanying Declaration of Paul Mulholland Concerning the Results of the Claims Administration Process ("Mulholland Decl."), filed concurrently herewith.

## I.    BACKGROUND

On September 21, 2021, the Parties[1] entered into the Stipulation, the terms of which established a two million two hundred fifty thousand dollars ($2,250,000) Settlement Amount on behalf of the Class, consisting of persons who purchased or otherwise acquired NetApp securities from May 23, 2019 to August 1, 2019, both dates inclusive ("Settlement Class Period") for alleged

---

[1] All capitalized terms used herein that are not otherwise defined have the meanings ascribed to them in the Stipulation of Settlement dated September 21, 2021 (Dkt. No. 66-1) ("Stipulation").

1

violations of §§ 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), other than Defendants, the officers and directors of NetApp, members of the Individual Defendants' immediate families and their legal representatives, heirs, successors, or assigns and any entity in which the Individual Defendants have or had a controlling interest, and all putative members of the Settlement Class who excluded themselves by filing a valid and timely request for exclusion, and Persons with no compensable damages.

On May 3, 2022, the Court granted preliminary approval of the Settlement (Dkt. No. 70) ("Preliminary Approval Order"). Pursuant to the Preliminary Approval Order, the court-appointed Claims Administrator, Strategic Claims Services ("SCS" or "Claims Administrator"), disseminated 39,320 copies of the Postcard Notice by mail or email to potential Settlement Class Members or nominees, established a dedicated website for the Settlement, www.strategicclaims.net/NetApp/, and set up a toll-free telephone helpline. Mulholland Decl. ¶¶3-5.

On September 1, 2022, the Court entered the Order and Final Judgment (Dkt. No. 84), approving the Plan of Allocation as a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class Members. *Id.* at ¶12.

The Claims Administrator has advised Plaintiff's Counsel that it has completed all analyses and accounting procedures in connection with the submitted claims and has finalized its determination of which claims are authorized and which are ineligible. *See* Mulholland Decl. ¶7. All that remains to complete the Settlement process is to distribute the Net Settlement Fund to the Authorized Claimants. The Court should authorize the distribution of the Net Settlement Fund to Authorized Claimants, as identified in Exhibits B-1 and B-2 to the Mulholland Decl.

## II.    DETERMINATION OF AUTHORIZED CLAIMANTS

Pursuant to the Preliminary Approval Order, Class Members wishing to participate in the Settlement were required to submit a Proof of Claim submitted electronically or postmarked no later than August 2, 2022. Preliminary Approval Order ¶19(a). The Claims Administrator continued

processing all claims received up to September 2, 2022, and responses to deficiency/rejection notices received through October 28, 2022. Mulholland Decl. ¶6 & n.2.

As a result of an effective notice program, through September 2, 2022, SCS received 27,740 Claim Forms. *Id.* After reviewing all 27,740 Claim Forms, SCS has now finalized its determination of which claims are authorized and which are ineligible. *Id.* at ¶7.

A.  Valid and Properly Documented Claims

SCS determined that of the 27,740 Claim Forms, 9,971 Claims were valid and properly documented ("Valid Claims"), representing Recognized Losses of $143,277,504.69. Mulholland Decl. ¶7(a). Included in the 27,740 Valid Claims are 20 claims forms that were inadequately documented but were successfully cured, and thus considered Valid Claims, *id.* at ¶7(b), and 21 Valid Claims that were submitted between August 3, 2022, and September 2, 2022. *Id.* at ¶7(a).

The Court should accept all 9,971 Valid Claims, including those submitted between August 3, 2022, and September 2, 2022. Inclusion of those latter claims has and will not delay distribution of the Net Settlement Fund, or otherwise prejudice any Authorized Claimant. Plaintiff's Counsel and the Claims Administrator believe that it would be unfair to prevent otherwise valid claimants from participating in the Net Settlement Fund solely because their claims were submitted after the September 2, 2022 submission deadline, but while claims were still being processed. *See In re Gypsum Antitrust Cases*, 565 F.2d 1123, 1128 (9th Cir. 1977) (district court has discretion to grant late claims); *see also Lemus v. H & R Block Enters., LLC*, No. 09 Civ. 03179, 2013 WL 3831866, at *2 (N.D. Cal. July 23, 2013) ("A district court has discretion to allow late claims to a settlement fund.") (citing *In Re Valdez*, 289 F App'x 204, 206 (9th Cir. 2008)).

The Court should also Order that no claims received after September 2, 2022, or responses to deficiency and/or rejection notices received after October 28, 2022, be included in the distribution. According to SCS, processing such claims would delay finalization of the administration of the Settlement Funds. Mulholland Decl. ¶6 & n.2. To facilitate the efficient and proportional distribution of the Net Settlement Fund, there must be a final cut-off after which no other claims may be accepted. *See Lemus*, 2013 WL 3831866, at *2 (without claim period deadlines, "the claim period would never cease and the money could never be distributed"); *see*

*also Hartman v. Powell*, No. 00-5356, 2001 WL 410461, at \*1 (D.C. Cir. Mar. 15, 2001) ("Drawing a line is essential to achieve certainty and finality in such a large class action.").

### B.   Deficient and Ineligible Claims

To be eligible for a payment from the proceeds of the Settlement, a Class Member must submit a Claim Form with adequate supporting documentation. Preliminary Approval Order ¶19(b). Proper documentation may consist of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator or Plaintiff's Counsel. *Id.*

SCS initially identified 38 inadequately documented claims. Mulholland Decl. ¶7(b). For all inadequately documented claims, SCS sent inadequacy notices to all 38 of these claimants advising them of the inadequate documentation and giving them the opportunity to cure the deficiency. *Id.* A sample of an inadequacy notice is attached as Exhibit C to the Mulholland Decl. *Id.* Of the 38 claims initially identified as deficient, 20 have been successfully cured and are now considered valid. *Id.* The remaining 18 deficient claims either did not respond to the inadequacy notice or responded with insufficient documentation. *Id.* These claimants were sent a rejection notice explaining the reason(s) for their inadequacy, and none of the 18 claimants has objected to or contested this determination. *Id.* A list of claimants rejected due to inadequate supporting documentation is attached as Exhibit D to the Mulholland Decl.

In addition, SCS recommends 17,752 claims be rejected for other reasons, including claimants who purchased shares after the Settlement Class Period; claimants with no Recognized Losses; claimants who neither purchased or otherwise acquired NetApp shares, but who received shares as gifts, inheritances, or by operation of law; claimants who submitted claims for securities other than NetApp common stock; and claimants who withdrew their claims. Mulholland Decl. ¶7(c). SCS communicated with all 17,752 of these claimants to advise them of the rejection of their

claims. *Id.* A sample ineligibility notice is attached to the Mulholland Decl. as Exhibit F. To date, none of these 17,752 claimants has contested their ineligibility. *Id.*

In its Preliminary Approval Order, the Court approved the form, contents, and requirements of the Notice and mandated the documentation necessary to the submission of a valid claim. Preliminary Approval Order at ¶¶8, 19(b). Each of the 17,752 claimants having failed to provide the required documentation, the Court should reject all of these claims

### III.    PLANNED DISTRIBUTION OF THE NET SETTLEMENT FUND

Pursuant to ¶¶7.3 and 7.5 of the Stipulation, after the Court entered Judgment, and upon "further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants…." "in accordance with a Plan of Allocation." Plaintiff's Counsel now seeks to distribute the Net Settlement Fund to the Class Members whose claims have been accepted, as listed in Exhibits B-1 and B-2 of the Mulholland Decl.

Consistent with the terms of the Plan of Allocation and with the Court's approval, each Authorized Claimant shall be paid the percentage of the Net Settlement Fund that each Authorized Claimant's Recognized Loss bears to the total of the Recognized Losses of all 9,971 Authorized Claimants, if the 21 late claims are deemed valid by the Court. No distribution will be made on a claim where the potential distribution amount is less than ten dollars ($10.00) in cash. Mulholland Decl. ¶9(a). In order to encourage claimants to cash their checks, all checks mailed in the distributions will bear the notation, "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION 180 DAYS AFTER ISSUE DATE." *Id.* ¶9(b).

If any funds remain in the Net Settlement Fund six (6) months after the initial distribution, those funds will be used, first, to pay any amounts mistakenly omitted from the initial distribution, and to pay additional administration costs, and, second, to make a second distribution to Authorized Claimants who cashed their checks from the initial distribution and who would receive at least $10.00 from a second distribution. Mulholland Decl. ¶9(c). If, after the (if necessary) second distribution, funds remain in the Net Settlement Fund, those funds will be donated to a non-profit

5

charitable organization(s) selected by Lead Counsel, specifically Howard University's Investor Justice and Education Clinic (IJEC). *Id*.

### IV.    RELEASE OF CLAIMS

To allow the full and final distribution of the Net Settlement Fund, the Court should bar any further claims against the Net Settlement Fund beyond the amounts allocated to Authorized Claimants, and to provide that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, be released and discharged from any and all claims arising out of such involvement. Accordingly, the Court should release and discharge all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund from any and all claims arising out of such involvement and bar all Class Members, whether or not they receive payment from the Net Settlement Fund, from making any further claims against the Net Settlement Fund, Plaintiffs, Lead Counsel, Plaintiff's' Counsel, the Claims Administrator, the Escrow Agent or any other agent retained by Plaintiffs or Lead Counsel in connection with the administration or taxation of the Settlement Fund or the Net Settlement Fund beyond the amounts allocated to them under the terms of the Distribution Order. *See In re Toyota Motor Corp. Sec. Litig.,* 2014 WL 12586787, at *3 (C.D. Cal. Aug. 4, 2014) (proposed order entered by the court releasing claims against all persons involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund).

### V.    RECORDS RETENTION AND DESTRUCTION

Plaintiff requests the Court order that: (i) in no less than one (1) year after the distribution of the Net Settlement Fund, SCS be allowed to destroy the paper copies of the Claim Forms and all supporting documentation; and (ii) in no less than one (1) year after all funds have been distributed, SCS be allowed to destroy the electronic copies of the Claim Forms and all supporting documentation. This is the customary document retention period SCS uses to prevent additional costs to the Settlement Class for storage expenses and related fees. Mulholland Decl. ¶9(e).

## VI.   CONCLUSION

Plaintiff respectfully requests that the Court approve and enter the Proposed Order Granting Plaintiff's Motion for Distribution of Class Action Settlement Funds, submitted herewith.

Dated: November 3, 2022

Respectfully submitted,
**THE ROSEN LAW FIRM, P.A**.

By: */s/ Jacob A. Goldberg*
Jacob A. Goldberg (*pro hac vice*)
Gonen Haklay (*pro hac vice*)
101 Greenwood Avenue, Suite 440
Jenkintown, PA 19046
Telephone: (215) 600-2817
Facsimile: (212) 202-3827
Email: jgoldberg@rosenlegal.com
        ghaklay@rosenlegal.com

Laurence M. Rosen (SBN 219683)
355 S. Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Lead Counsel for Plaintiff and the Class*

7

**CERTIFICATE OF SERVICE**

I, Jacob A. Goldberg, hereby declare under penalty of perjury as follows:

I am a partner in The Rosen Law Firm, P.A., with offices at 355 S. Grand Avenue, Suite 2450 Los Angeles, CA 90071. I am over the age of eighteen.

On November 3, 2022, I electronically filed the foregoing MEMORANDUM OF POINTS AND AUTHORITIES IS SUPPORT OF PLAINTIFF'S MOTION FOR DISTRIBUTION OF CLASS ACTION SETTLEMENT FUNDS with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

/s/ Jacob A. Goldberg

8